[Civ. No. 15658. Second Dist., Div. Two. Apr. 10, 1947.]

RUTH A. HOLLOWAY, Respondent, v. BERT W. HOLLOWAY, Appellant.

Ralph W. Miller for Appellant.

Lindstrom & Bartlett for Respondent.

McCOMB, J.—This is an appeal from an order denying defendant's application for a modification of the provisions of an interlocutory decree of divorce ordering him to pay $35 per week to plaintiff for her support and maintenance until her death or remarriage.

The undisputed facts are these:

Plaintiff and defendant were married on November 17, 1927. On December 8, 1939, they entered into a property settlement agreement.[1] This agreement provided that the property of the parties should be divided as follows:

A. Plaintiff was to receive (1) a 1938 automobile, (2) the household furniture, and (3) one-half of the cash value of certain life insurance policies.

B. Defendant was to receive (1) a 1937 automobile and (2) the remaining one-half of the cash value of the insurance policies mentioned above.

C. Defendant was to pay all outstanding bills and keep the insurance policies hereinabove mentioned in force with plaintiff as beneficiary until January 6, 1941, on which date they were to be cashed.

D. Each party agreed to relinquish all claims and all rights to any other property of whatsoever description or character which the other might acquire.

Plaintiff expressly agreed subject to the provisions of the agreement to waive any and all rights and claims for support and maintenance.[2]

---

[1] In the preamble to the agreement appears the following recitation: "Said parties from time to time have been, and now are, husband and wife; and whereas, unhappily, certain marital differences have arisen and exist between them; and whereas, said parties desire by *agreement to settle and determine their marital property rights. . . .*" (Italics added.)

[2] On this subject, Paragraph 10 of the agreement reads as follows: "Subject to the terms and provisions of this agreement, and to strict performance thereof by party of the first part, each party hereto does hereby further waive and relinquish as against the other, any and all right or claim for support, maintenance, attorneys fees and/or court costs in any action now pending or which may be instituted by either party hereto against the other; provided, however, and it is further expressly agreed that in case any action or proceeding is necessary to enforce any of the terms or provisions of this agreement, in behalf of party of the second part, party of the first part further agrees that he will pay a reasonable attorneys fee to party of the second part to be determined by the court in such action or proceeding. It is further agreed that this agreement may be made a part of any proper decree or order of any court of competent jurisdiction entered in any such action now pending between, or which may hereafter be brought between the parties hereto."

On December 21, 1939, plaintiff commenced an action for divorce. The property settlement agreement was attached to the complaint as an exhibit and was incorporated therein by reference. The prayer of the complaint asked the court to approve the agreement and order defendant to pay the sums as therein provided. Thereafter, the action was tried as a default and on January 18, 1940, an interlocutory decree of divorce was granted which approved the agreement, incorporated it *in haec verba* and ordered defendant to comply with all of its terms. The final decree was entered June 15, 1942, and by appropriate reference adopted the provisions of the interlocutory decree relative to the property of the parties and the support of their minor children. On April 8, 1946, pursuant to defendant's application plaintiff was directed to show cause why the order for her support and maintenance contained in the interlocutory decree should not be modified by terminating the provision for the support and maintenance of plaintiff. Thereafter the matter came on for hearing and the trial judge sustained an objection to the introduction of any evidence in support of the application on the ground that the court was without jurisdiction to modify the provision of the decree relating to the support and maintenance of plaintiff.

This is the sole question here presented:

*Since the provision in the interlocutory decree for the support and maintenance of plaintiff was predicated upon a written property settlement agreement of the parties which had been approved by the court, was the trial court without jurisdiction to modify such provision?*

This question must be answered in the affirmative and is governed by this settled rule: A property settlement agreement containing provisions for the support and maintenance of the wife as part of the division of the property of the parties is binding on the trial court in the absence of fraud, duress, undue influence, violation of the confidential relation, or other circumstances showing the agreement to be inequitable, and after approval of the trial court such provision for the support and maintenance of the wife cannot be modified by the court without the consent of the parties. (*Adams* v. *Adams,* 29 Cal.2d 621, 625, 628 [177 P.2d 265].)

Applying the foregoing rule to the facts in the instant case, it is apparent that since by the property settlement agreement, plaintiff was awarded money for her support and maintenance as a part of the division of the community property, the agree-

ment having been approved by the court, and as the provision in the interlocutory decree ordering defendant to pay plaintiff certain sums of money was predicated on such agreement, in the absence of the consent of the parties the trial court was without jurisdiction to modify such provision. Therefore, the trial court properly sustained an objection to the introduction of any evidence in support of plaintiff's application.

A notice of appeal in the instant case was filed on June 21, 1946. February 4, 1947, the Supreme Court filed the decision in *Adams* v. *Adams, supra.* In such case the facts are analogous to those in the instant case and the principle of law involved is identical; therefore, the decision in such case is applicable to the instant case and the Supreme Court's decision in such cause holding that the trial court was without jurisdiction to modify a provision for support in an interlocutory decree is decisive of this case.

Such cases as *Hough* v. *Hough,* 26 Cal.2d 605 [160 P.2d 15], and *McCahan* v. *McCahan,* 47 Cal.App. 173 [190 P. 458], are cited and construed in the Adams case in support of the conclusions which we have reached in the present case. Any statement in prior opinions of the appellate courts of California contrary to those in *Adams* v. *Adams* are of course overruled by such decision. Likewise, rulings from other states are not helpful to us in view of the law as established by our own court.

For the foregoing reasons the order is affirmed.

Moore, P. J., and Wilson, J., concurred.