[Civ. Nos. 16854, 16950.   Second Dist., Div. Two.   June 13, 1949.]

GEORGE W. WEEDON, JR., Appellant, v. ELIZABETH WEEDON, Respondent.

Don Lake for Appellant.

Leon W. Delbridge for Respondent.

MOORE, P. J.—On the cross-complaint of Mrs. Weedon, an interlocutory decree of divorce was entered February 3, 1943. Pursuant to a "Property Settlement Agreement" executed by the couple two months prior to the decree, the court ordered appellant to pay his wife "for her support and maintenance the sum of . . . $66.67 per month . . . subject to all the terms . . . in paragraph 7 of said property settlement agreement . . incorporated herein by reference." After providing for the payment of support money for respondent and the children the contract provides that appellant's obligations to pay the support money, and the hospital and medical expenses of the minor children shall cease "at the expiration of twelve years from and after date hereof," upon the remarriage of respondent, or upon her being deprived of the custody of the children by death or court order.

In June, 1948, on the application of respondent, the interlocutory decree was duly modified with respect to the provision for support by the following order:

"(1) The plaintiff shall pay to defendant for her support and maintenance the sum of $100.00 per month hereafter, commencing on the 1st day of June, 1948, and continuing thereafter until further order of court."

Thereafter, pursuant to hearing duly had of respondent's motion for order requiring appellant to pay counsel fees and costs "to defend the appeal now pending in the above entitled action" the court ordered appellant to pay respondent's attorney $300 for counsel fees for defending the appeal and to pay respondent $200 as her costs on such appeal.

The superior court has jurisdiction to modify that part of an interlocutory decree relating to support and maintenance even though the award for support was predicated on a written agreement purporting to effect a division of community property, incorporated in the decree. However, it must first be ascertained whether the stipulation in the agreement for payments to the wife was a part of a settlement of property rights, or was one solely for alimony or support money. The determination of such issue of fact by the trial court, if not unreasonable, will not be disturbed on appeal even though a contrary finding might be equally tenable. (*Estate of Rule,* 25 Cal.2d 1, 11 [152 P.2d 1003]; *Davis* v. *Stulman,* 72 Cal.App.2d 255, 269 [164 P.2d 787].) If the court in the instant case did not determine the character of the agreement at the time of entering the interlocutory decree as it should have done (*Adams* v. *Adams,* 29 Cal.2d 621, 625 [177 P.2d 265]), it properly did so on the modification proceedings. (*Hough* v. *Hough,* 26 Cal.2d 605, 615 [160 P.2d 15]; *Alexander* v. *Alexander,* 88 Cal.App.2d 724, 727 [199 P.2d 348]; *Wallace* v. *Wallace,* 136 Cal.App. 488, 493 [29 P.2d 314].) Of course, if the contract is a settlement of property rights and incidentally makes provision for the support of the wife in part payment of her share of the community property it may not be modified after being incorporated in the interlocutory decree. (*Puckett* v. *Puckett,* 21 Cal.2d 833, 840 [136 P.2d 1]; *Leupe* v. *Leupe,* 21 Cal.2d 145, 148 [130 P.2d 697].) But if an agreement for support money is incorporated in the judgment, that fact does not forestall a modification of the decree as new circumstances dictate. (Civ. Code, § 139; *Hough* v. *Hough, supra,* 612.)

The finding that the agreement is not one for division of community property is justified by virtue of the following established facts: (1) It was so determined after trial of the application for a modification of the interlocutory decree. The court's failure to make an explicit finding thereon is immaterial. (*Atlass* v. *Atlass,* 112 Cal.App. 514, 517 [297 P. 53].) (2) Upon the issue squarely presented at the divorce trial it was determined that there were never any "acquests and gains" of the parties but that the total expense of the family had exceeded the aggregate earnings of appellant. (3) In her cross-complaint respondent demanded an award of support money. (4) The agreement itself provides for appellant to pay respondent $66.67 monthly for her support and maintenance until her death or remarriage. If the pay-

ments had been her share of the community estate, why should they cease before a specified sum should be fully paid? (5) Prior to commencement of the divorce trial both counsel stated to the court that all issues between the parties had been settled and comprised by agreement except the issue of divorce and community property. Appellant offered no proof as to either.

The Holloway decision (79 Cal.App.2d 44 [179 P.2d 22]) is not authority for a reversal of the instant judgment. This court there held that the written agreement of the Holloways was for the purpose of dividing the community estate. By it Mrs. Holloway received certain moneys and chattels, her husband was obligated to make regular payments on life insurance policies and she expressly ''waived any and all rights and claims for support and maintenance.'' The agreement was incorporated in *haec verba* in the interlocutory decree. The holding there that the trial court on a petition for modification correctly denied the application is not authority for reversing an order where the court found the contract was not a property settlement. Also, in *Adams* v. *Adams,* 29 Cal.2d 621 [177 P.2d 265], the plaintiff ''in view of her skill and training . . . particularly waives any right to support and maintenance . . . each party hereto is hereby released and absolved from any and all obligations and liabilities for the ... . claims of either party upon the other for support and maintenance.'' She waived alimony in return for a more favorable division of the community property.

No such circumstances beset respondent herein at the time of the interlocutory decree. At the time the court was finding that there was no community property she was asserting her demand for support and maintenance.

## As to Counsel Fees and Costs

There is no reasonable ground for reversal of the order for counsel fees and costs. Discretion is vested in the trial court to order a husband to pay the expense of the wife's defense of an appeal from such an order, and it will not be interfered with unless it affirmatively appear that the discretion has been abused. (*Baldwin* v. *Baldwin,* 28 Cal.2d 406, 413 [170 P.2d 670].) There is no evidence of such abuse. The sums awarded are modest. No claim is made that they are oppressive to appellant. Moreover, in his agreement with respondent it is provided that if respondent prevails in any

proceeding against appellant hereunder he will pay her a reasonable attorney's fee to be fixed by the court.

The orders are affirmed.

McComb, J., and Wilson, J., concurred.

A petition for a rehearing was denied June 28, 1949, and appellant's petition for a hearing by the Supreme Court was denied August 11, 1949. Carter, J., and Schauer, J., voted for a hearing.