[Civ. No. 16865.   Second Dist., Div. Three.   Oct. 26, 1949.]

HARRIET HAMILTON, Respondent, v. MARTHA HAM-ILTON, as Administratrix, etc., Appellant.

Nathan Newby, Jr., and Newby, Holder & Newby for Appellant.

Gordon M. Snyder for Respondent.

VALLÉE, J.—Appellant, administratrix of the estate of her son, Walter A. Hamilton, deceased, appeals from a judgment decreeing that a creditor's claim filed by respondent, the surviving widow, in the estate of her deceased husband, predicated on an award made in an interlocutory decree of divorce, is valid, and ordering appellant to pay respondent the sum of $3,750, being accrued monthly payments of $150 for the period from April 1st, 1946, to and including April 1st, 1948, and the further sum of $150 a month thereafter accruing under the terms of the interlocutory decree.

Respondent and decedent were married on June 20, 1927. They separated in September of 1944. On August 31, 1945, they entered into a property settlement agreement. The agreement provided: ". . . in settlement, adjustment and compromise of all property questions and rights it is agreed by and between said parties that the community property of said parties shall be divided as follows, to-wit:

"1. The wife shall receive and retain as her sole and separate property all . . . [description of real and personal property].

"2. The husband shall receive and retain as his sole and separate property all . . . [description of real and personal property].

"3. The husband agrees to pay to his said wife, Harriet Hamilton, for her support and maintenance, the sum of One Hundred and Fifty Dollars . . . ($150.00) per month for the remainder of her life, beginning the first day of Sept, 1945, and on the first day of each month thereafter until the death of the said Harriet Hamilton; provided however, that if the said parties should be legally divorced and the said Harriet Hamilton should marry some other person the obligation to pay to her the said sum of $150.00 per month shall immediately terminate.

"4. . . . [Provides for execution of documents necessary to transfer title].

"5. This agreement is a full and complete settlement of all property rights between the parties hereto as husband and wife, both now and after the death of either party to this agreement. From the time of the execution of this agreement neither party shall have any interest of any kind or nature whatsoever in or to any property of the other party to this agreement, whether now owned by such party, or hereafter acquired, except to enforce the terms of this agreement. All salaries or wages earned, or any other property acquired by either party after the execution of this agreement shall be and remain the sole and separate property of the party earning said salary, or wages, or acquiring said property. Each party waives the right to inherit from each other, or to receive from the estate of the other after death, any property or rights or privileges of any kind whatsoever, from the estate of the deceased spouse, unless granted by the Will of such deceased spouse, duly admitted to probate, but this covenant shall not be construed to deprive either party of the right to enforce the terms of this agreement against the estate of either party.

"6. In the event either party applies for a divorce against the other this agreement shall constitute a full and complete settlement of all property rights in such divorce action, and neither party in any divorce action that may be prosecuted shall have the right to obtain any part of the property of the other or to require the husband to pay any sum to his said

wife for alimony in excess of said sum of $150.00 per month, as herein provided.

"7. After the execution of this agreement neither party shall be under obligation to support the other, except to the extent and under the conditions named in this agreement."

On September 19, 1945, respondent filed an action for divorce against the decedent on the ground of extreme cruelty, the complaint alleging there was "no community property" but that the parties had theretofore executed a property settlement agreement and praying that it be approved. The complaint contained no allegation with respect to or prayer for alimony. Decedent appeared in the action through his attorneys but did not file an answer and the action was tried as a default.

An interlocutory decree of divorce was granted respondent on October 29, 1945, which decreed, in part, that the property settlement agreement "dated the 31st day of August, 1945, and filed herein, true and correct copy of which is hereto attached, by reference incorporated herein, and made a part hereof, be and the same is hereby in all things approved," and ordered the defendant husband to pay the plaintiff for her support and maintenance the sum of $150 a month. The interlocutory decree became final.

The husband made the monthly payments of $150 to and including March 1, 1946, in which month he died intestate. Respondent has not remarried. On October 21, 1946, she filed a claim against her husband's estate for support and maintenance in the total amount of $36,150, being $1,050 accrued monthly installments, and for monthly installments of $150 to accrue, commencing November 1, 1946, and thereafter so long as plaintiff should live and remain unmarried.

After her creditor's claim was rejected by the administratrix, respondent filed the present action predicated upon the property settlement agreement and the interlocutory decree. At the trial the judgment roll in the divorce action and the entire file in the estate matter were introduced in evidence. Judgment was rendered for plaintiff, from which the administratrix appeals.

Appellant contends principally that (a) the court erred in sustaining respondent's objection to her offer of proof that the support money provided in the agreement was alimony and not made in lieu of a division of the property, (b) the interlocutory decree of divorce was not res judicata as to the sup-

port payments, and (c) the trial court was without jurisdiction in the default divorce action to order payment of "alimony" since there was neither a specific prayer for "alimony" nor for a division of "community property." The decisive question, therefore, is whether the support money provided for in the interlocutory decree, following the provisions of a property settlement agreement approved and incorporated in the decree, is, as appellant contends, in the nature of alimony which ceases upon the death of either spouse, or is, as respondent claims, a part of the division of property, and, therefore, res judicata.

■ An award of alimony is subject to modification by the court to meet changed conditions. (*Puckett* v. *Puckett,* 21 Cal.2d 833, 840 [136 P.2d 1]; *Miller* v. *Superior Court,* 9 Cal.2d 733, 737 [72 P.2d 868]; Civ. Code, § 139.) ■ The right to unaccrued alimony stops with the death of the party directed to pay. (*Miller* v. *Superior Court,* 9 Cal.2d 733, 737 [72 P.2d 868]; *Parker* v. *Parker,* 193 Cal. 478 [225 P. 447]; *Roberts* v. *Higgins,* 122 Cal.App. 170 [9 P.2d 517].) ■ A divorce decree adjusting the property rights of the parties is not subject to modification regardless of whether or not it is based upon the agreement of the parties. (*Puckett* v. *Puckett,* 21 Cal.2d 833, 840 [136 P.2d 1]; *Leupe* v. *Leupe,* 21 Cal.2d 145, 148 [130 P.2d 697]; *Dupont* v. *Dupont,* 4 Cal.2d 227 [48 P.2d 677].) ■ Where, as part of the property division in a property settlement agreement, the husband contracts to pay the wife monthly payments during her lifetime, and the agreement is approved by the court in a divorce action and incorporated in the interlocutory decree, upon the husband's death the wife has a claim against her husband's estate for payments due after his death. The claim rests not upon the obligation of the husband to support his wife but upon the decree. (*Parker* v. *Parker,* 193 Cal. 478 [225 P. 447]; *Estate of Mesmer,* 94 Cal.App. 97 [270 P. 732]; *Miller* v. *Superior Court,* 9 Cal.2d 733, 737 [72 P.2d 868]; 1 Cal.Jur. 10-Yr.Supp. § 89a, p. 245; 14 So.Cal.L.Rev. 373, 382; *International Trust Co.* v. *Liebhardt,* 111 Colo. 208 [139 P.2d 264, 147 A.L.R. 700]; anno.: 147 A.L.R. 708.)

■ When a property settlement agreement is presented for approval in a divorce action and it is not clear whether payments therein provided are part of the division of property or are in the nature of alimony, the court should receive evidence and clearly and concisely make its determination in the decree of divorce. ■ When the decree of divorce

approves the agreement and incorporates it as a part of the decree and orders the payment of money as provided in the agreement but does not clearly determine whether such payments are part of the division of property or in the nature of alimony then in any subsequent proceeding the question is to be determined from the decree, including the agreement as a part thereof, and the intention of the parties as expressed therein. Of course, if the agreement is ambiguous the court should receive extrinsic evidence in aid of its interpretation as in other cases, but the agreement here considered is not ambiguous. ■ If it appears that it was the intention of the parties to definitely, fully and permanently adjust and settle their property rights, and the provision for support and maintenance constitutes an integral and important element in the amicable adjustment of the property rights of the parties, the court is without power to thereafter modify the decree. (*Adams* v. *Adams*, 29 Cal.2d 621 [177 P.2d 265]; *Puckett* v. *Puckett*, 21 Cal.2d 833 [136 P.2d 1]; *Miller* v. *Superior Court*, 9 Cal.2d 733 [72 P.2d 868]; *Ettlinger* v. *Ettlinger*, 3 Cal.2d 172, 178 [44 P.2d 540]; *Holloway* v. *Holloway*, 79 Cal.App.2d 44, 46 [179 P.2d 22]; *Kohl* v. *Kohl*, 66 Cal.App.2d 535, 541 [152 P.2d 494]; *Rich* v. *Rich*, 44 Cal. App.2d 526˙ [112 P.2d 780]; *Wallace* v. *Wallace*, 136 Cal. App. 488 [29 P.2d 314]; 3 Cal.Jur. 10-Yr.Supp., Community Property, § 155, p. 677; anno.: 166 A.L.R. 675; 109 A.L.R. 1068; 58 A.L.R. 639.)

There is no essential difference between the agreement in the case at bar and those considered in *Puckett* v. *Puckett*, 21 Cal.2d 833 [136 P.2d 1], *Ettlinger* v. *Ettlinger*, 3 Cal.2d 172 [44 P.2d 540], *Holloway* v. *Holloway*, 79 Cal.App.2d 44 [179 P.2d 22], *Kohl* v. *Kohl*, 66 Cal.App.2d 535 [152 P.2d 494], and *Wallace* v. *Wallace*, 136 Cal.App. 488 [29 P.2d 314], in which it was held that payments for the support of the wife in the property settlement agreements there considered were a part of a division of the property and not alimony. The reasons given by the courts in those cases for holding that the provisions for support and maintenance constituted a phase of the division of property are equally applicable here. No purpose would be served in repeating them. ■ The fact that here, as in *Wallace* v. *Wallace*, 136 Cal.App. 488, 492 [29 P.2d 314], the prayer of the complaint did not ask for alimony but merely that the property settlement agreement be approved and the further fact that the award was not designated as

alimony but followed the agreement as to amount and time of payment is indicative that the award in the decree was not by way of alimony but was part of the division of property.

The decree approved the agreement and actually ordered the payment of $150 a month as provided by the agreement. The agreement was, therefore, merged in the decree. (*Shogren* v. *Superior Court,* 93 Cal.App.2d 356, 359, 364 [209 P.2d 108].)

We think it unequivocally appears from the agreement in the case at bar that the monthly payments to the wife were a part of the division of property and not alimony. After the interlocutory decree became final the court was without power to vacate or modify its provisions. An interlocutory decree of divorce is res judicata on all issues determined thereby, including the property rights of the parties. (*Leupe* v. *Leupe,* 21 Cal.2d 145, 148 [130 P.2d 697]; *Borg* v. *Borg,* 25 Cal.App.2d 25, 29 [76 P.2d 218]; *Overell* v. *Superior Court,* 29 Cal.App.2d 418, 420 [84 P.2d 789]; *Parnham* v. *Parnham,* 32 Cal.App.2d 93, 96 [89 P.2d 189]; 14 So.Cal.L.Rev. 373, 386.)

In view of what has been said, the court properly sustained objections to the introduction of evidence for the purpose of showing that the payments were alimony and not in lieu of a division of property. (*Holloway* v. *Holloway,* 79 Cal.App.2d 44, 47 [179 P.2d 22].)

Since the award of $150 a month to the wife in the interlocutory decree was a part of a division of property and not an award of alimony, it constitutes a valid claim against the estate of the deceased husband.

Our conclusion renders unnecessary a discussion of other points made by appellant.

Affirmed.

Shinn, P. J., and Wood, J., concurred.