[Civ. No. 14632.   First Dist., Div. One.   May 17, 1951.]

CHESTER EDWARD PEARMAN, Appellant, v. ELVIRA ALARID PEARMAN, Respondent.

Hancock, Rothert & Low and Duncan Low for Appellant.

Franklin C. Stark and Stanley E. Sparrow for Respondent.

AGEE, J. pro tem.—This is an appeal from an order modifying a provision in a divorce decree increasing monthly payments to the wife and awarding attorney's fees for services rendered in connection with the application for such modification.

After a marriage of 12 years, appellant (husband) filed suit for divorce against respondent (wife). Thereafter, the parties signed an agreement in which its purpose was stated to be "to finally settle, adjust and determine their property rights and to provide for the maintenance and support" of the wife and minor child of the parties. A few days later the wife filed a cross-complaint praying that she be awarded a divorce, custody of the minor child, approval of the agreement, and "a reasonable sum for her support and maintenance and for the support and maintenance of said minor child." At the hearing the wife was awarded an interlocutory decree in which the agreement was "confirmed and approved" and the husband was ordered to pay the wife the sum of $100 per month "for the support and maintenance of said . . . [wife] . . . in accordance with the terms of the aforesaid agreement."

Thirteen years later the wife had a heart attack and became unable to work full time. She applied for a modification of the interlocutory and final decrees and was awarded an increase to $125 per month and $150 for attorney's fees. The

attorney's fees also covered an application to increase the amount of the child support and there is no way of determining what portion was allocated to this. However, the sole question is whether the trial court had the power to modify the monthly support payments to the wife. If it did, then appellant concedes that the award of attorney's fees was proper (Civ. Code, §§ 137, 139). If it did not, then the attorney's fee award, so far as the wife's application to increase her monthly payments is concerned, was improper. (*McClure* v. *McClure,* 4 Cal.2d 356 [49 P.2d 584, 100 A.L.R. 1257].)

The implied finding of the trial court in making the modification order is, of course, that the monthly payments provided for in the interlocutory decree constituted alimony. In fact, the minute order fixing the payments at $125 per month designates the payments to be "alimony." The facts and circumstances justifying this finding are as follows: The agreement of the parties recited that it was "to finally settle, adjust and determine their property rights *and* to provide for the maintenance and support of First Party [wife]" (emphasis added); the only property described in the agreement is the "furniture, musical instruments and household equipment" in the former home of the parties; the husband agreed to pay the wife $100 per month "for her support and maintenance. Should at any time the marriage now existing between the parties hereto be dissolved by judicial decree, and should First Party [wife] thereafter remarry, then upon such remarriage said payments of One Hundred Dollars ($100.00) per month shall cease and determine and Second Party [husband] shall be under no obligation to continue said payments. Said payments shall likewise cease on the death of First Party." The agreement also provided that the husband should take out and maintain a policy of life insurance in the amount of $10,000 to be paid to the wife in the event of the husband's death, expressly reserving to the husband the right to change the beneficiary or otherwise deal with the policy in the event the wife remarried or predeceased the husband. The wife's cross-complaint alleged "That plaintiff [husband] has ample means and abilities properly to support and maintain defendant and cross-complainant . . ." This allegation was found by the trial court to be true. Such an allegation and finding would be irrelevant to an award of money as a part of the division of community property. It would not only be relevant, but necessary to an award of alimony. The cross-complaint prayed "that defendant and

cross-complainant be awarded a reasonable sum for her support and maintenance." ▮ The interlocutory decree ordered that "defendant and cross-complainant be awarded and plaintiff be required to pay defendant and cross-complainant monthly the sum of One Hundred Dollars ($100.00) for the support and maintenance of said defendant and cross-complainant in accordance with the terms of the aforesaid agreement." Without objection, the wife testified on the modification hearing that it was alimony which she sought and obtained at the divorce hearing. "Q. Now, recalling the time, Mrs. Pearman, that you asked for the divorce originally, you in your [cross] complaint sought alimony, didn't you ask for it? A. Yes. Q. At the hearing you asked for it and the Judge granted it, is that correct? A. Yes. Q. That alimony is what you refer to when you speak of the $100 a month paid to you, is that right? A. Yes, sir." The foregoing testimony stands undisputed in the record of the modification hearing and no attempt was made to refute it, either by what transpired therein or at the divorce hearing. While it may involve a legal conclusion, certainly it shows the intention and understanding of the wife. If this was not also the intention and understanding of the husband, his counsel at the divorce hearing should have made that known to the judge and to the plaintiff. It should be noted that the husband's counsel on this appeal are different than either his counsel who appeared for him at the divorce hearing or at the modification hearing. The record shows that at the time of the interlocutory decree appellant was earning $750 per month. At the time of the modification hearing he was making $13,250 per year.

▮ No single factor can be relied upon in any given case to determine whether monthly payments are in the nature of property or alimony. The agreement must be taken as a whole and consideration given as to the circumstances under which it was made and the nature and value of the property being divided and its relation to the amount of the periodic payments. (*Puckett* v. *Puckett*, 21 Cal.2d 833, 841-42 [136 P.2d 1].) If the monthly payments are in the nature of property, they may not be modified. (*Puckett* v. *Puckett*, *supra*, at p. 840.) But if the payments are in the nature of alimony the court has the power to modify, whether such payments are based upon an agreement of the parties and whether or not the agreement is incorporated in the decree. (*Adams* v. *Adams*, 29 Cal.2d 621, 624-26 [177 P.2d 265]; *Hough* v.

*Hough,* 26 Cal.2d 605, 612 [160 P.2d 15].) The monthly payments referred to in the agreement and in the decree as "support and maintenance" are not conclusive but are indicative of alimony, rather than property. (*Weedon* v. *Weedon,* 92 Cal.App.2d 367, 369 [207 P.2d 78].) The payments are to terminate upon the wife's remarriage or death. This, again, is indicative. (*Ettlinger* v. *Ettlinger,* 3 Cal.2d 172 [44 P.2d 540]; *Fields* v. *Fields,* 94 Cal.App.2d 56, 59 [209 P.2d 977]; *Cameron* v. *Cameron,* 85 Cal.App.2d 22, 25 [192 P.2d 89]; *Weedon* v. *Weedon, supra.*) As was said in the Weedon case, "The agreement itself provides for appellant to pay respondent $66.67 monthly for her support and maintenance until her death, or remarriage. If the payments had been her share of the community estate, why should they cease before a specified sum shall be fully paid?" (*Weedon* v. *Weedon, supra,* at pp. 369-70.) ▉ The fact that the agreement recites it is in full settlement and releases the husband of all further claims does not preclude the court from inquiring into and determining whether the monthly payments are "property" or "alimony." (*Puckett* v. *Puckett, supra*; *Ettlinger* v. *Ettlinger, supra.*) The only property expressly referred to in the agreement is disposed of therein as follows: "All personal property, furniture, musical instruments [except piano] and household equipment formerly in the home occupied by the parties . . . is hereby made and declared to be the sole, separate and exclusive property of First Party [wife]." The piano was agreed to be the property of the minor child. The relation of the amount of the property being disposed of by the agreement to the amount of the monthly payments is important in determining whether such monthly payments to the wife are in the nature of compensation for property being retained by the husband or are in the nature of alimony. (See *Cameron* v. *Cameron, supra.*) Here, it would appear that the wife got *all* of the property, except the piano, and therefore the monthly payments were not to compensate her for property being retained by the husband. It is true that the husband's divorce complaint alleges that there were also "life insurance policies on the lives of both plaintiff and defendant." The trial court found this allegation to be untrue, and these policies were not mentioned in the agreement. What disposition was made of them is not disclosed by the record.

The agreement does provide that the husband was to take out and maintain a $10,000 life insurance policy on his life with the wife as beneficiary and with the right to the husband

to change the beneficiary if the wife remarried or predeceased him. This was undoubtedly for the purpose of providing for the support and maintenance of the wife in the event the husband died while she was still otherwise entitled to receive monthly payments and would be in lieu thereof. ██ This is for the reason that upon the husband's death the wife's right to receive such monthly payments (*if* alimony) would cease. ██ If the parties intended said monthly payments to be in the nature of property, then the obligation of the husband would not cease by reason of his death and would be a charge against his estate. It seems obvious that this provision as to the insurance policy was made because the parties intended the monthly payments to be alimony. No other provision was made for the support of the wife in the event of the husband's death. Of course, appellant argues that no such provision was necessary because the monthly payments were not alimony and therefore would be a charge against the husband's estate. This is just another point which the trial court apparently resolved in favor of its implied finding that the payments constituted alimony.

The record shows that the wife has always maintained a right to alimony. Five days after the signing of the agreement, she filed a cross-complaint alleging that there was no community property and that "all the *property* rights" had been settled by written agreement. (Emphasis added.) Then in the following separate paragraph she alleges: "That plaintiff has ample means and abilities properly to support and maintain defendant and cross-complainant." Her prayer (subd. 4) asks that the agreement be confirmed and approved and, separately (subd. 5), asks that she "be awarded a reasonable sum for her support and maintenance."

The interlocutory decree awarded to the wife provides: (1) that the wife is entitled to an interlocutory decree; (2) that the agreement of December 13, 1935, "be and the same is hereby confirmed and approved"; (3) that the custody of the minor child is awarded to the wife; (4) that the husband pay the wife $75 per month for the support of the child; (5) that the husband shall have the right of reasonable visitation of the child; and (6) "that defendant and cross-complainant be awarded and plaintiff be required to pay defendant and cross-complainant monthly the sum of One Hundred Dollars ($100.00) for the support and maintenance of said defendant and cross-complainant in accordance with the terms of the aforesaid agreement." Appellant argues

that this last provision of the decree was merely a recital of a part of the agreement and is not an award of alimony. Respondent argues that the trial court, having already in the first part of the decree ''confirmed and approved'' the agreement, then provided in the last and separate part thereof for an *award* of monthly payments which, ''in accordance with the terms of the aforesaid agreement,'' were to be made until the death or remarriage of the wife. We have already commented on the wife's understanding and intent that she was seeking and obtaining alimony. If all that was intended by the trial court was to treat the monthly payments as property and not alimony, then why provide therefor in a separate paragraph at the end of the decree when it had already confirmed and approved the agreement?

It should also be noted that no specific reference was made in the decree to the household furniture or any other property. This would indicate that all property matters were disposed of in paragraph 2 of the decree and that the money payments provided for in paragraph 6 were not intended to be a part of the disposition of property.

All of the foregoing facts and circumstances certainly permitted the trial court at the modification hearing to conclude that the monthly payments were intended to and were in the nature of alimony and not a division of property. ''The determination of such issue of fact by the trial court, if not unreasonable, will not be disturbed on appeal, even though a contrary finding might be equally tenable.'' (*Weedon* v. *Weedon, supra,* 92 Cal.App.2d, at p. 369.)

The order appealed from is affirmed.

Peters, P. J., and Bray, J., concurred.