[S. F. No. 18253.  In Bank.  Feb. 19, 1952.]

EMMETT NORTON TUTTLE, Respondent, v. LILLIE ALMA TUTTLE, Appellant.

Albert M. Hardie and Robert A. Kaiser for Appellant.

Gardiner Johnson and Samuel C. Shenk for Respondent.

EDMONDS, J.—The marital rights of Emmett Norton Tuttle and Lillie Alma Tuttle were determined by interlocutory and final decrees of divorce. Both decrees included certain provisions in regard to their property and required Emmett to make monthly payments to Lillie of a specified amount for eight years. Before the expiration of that time, Lillie moved the court to modify the final decree. Her appeal, taken upon the clerk's transcript, is from an order denying the motion.

The interlocutory decree, granted to Lillie upon the ground of desertion, made no mention of any property settlement agreement. As here material, the court ". . . decreed that the hereinafter designated property which is found to be community property be . . . divided and apportioned in the following manner, to-wit: . . .

"7. That plaintiff pay to the cross-complainant, as and for her support and maintenance the sum of One Hundred Fifty ($150.00) Dollars per month for a period of one year commencing April 10, 1947; the sum of One Hundred Thirty-five ($135.00) Dollars per month for the next year; the sum of One Hundred Twenty-five ($125.00) Dollars per month for the next year; and the sum of One Hundred ($100.00) Dollars per month for the next five (5) years, at which time all payments shall cease and determine; . . ."

By the first six of the numbered paragraphs, the court made an approximately equal division of the property of the parties. Emmett was required to pay specified community debts. Paragraphs 8 and 9, which immediately follow the quoted portion of the decree, provide that Emmett should pay income taxes and attorney fees.

Lillie's motion was based upon the ground that a change of circumstances of the parties justified an increase in the amounts payable to her. In support of the motion, she filed an affidavit in which she made certain statements of fact. Emmett answered by a counteraffidavit, setting forth at length the discussion between the court and counsel upon trial of the divorce action. He alleged that the provision of the decree for the payment of stated amounts for a limited period was not an award of alimony but an integral part of a property settlement agreement referred to in these discussions.

Lillie replied by a further affidavit in which she denied the making or existence of any property settlement agreement.

The trial court, in its order denying Lillie's motion, found as follows: (1) The provision for limited payments to Lillie "was not permanent alimony, but was an unqualified disposition of property rights resulting in full satisfaction of any and all claims by the . . . wife for her support and maintenance"; (2) In reliance upon the property settlement agreement Emmett changed his position and presented no evidence in support of his complaint and Lillie is estopped from seeking modification of the decree; (3) The court did not reserve any power subsequently to modify the agreement or decree; and (4) The court is without jurisdiction to modify the decree.

Lillie contends that the court has jurisdiction to modify the decree and that she is not estopped from seeking modification. She characterizes Emmett's claim that the provision for support was based on a property settlement agreement as a collateral attack on the decree.

Emmett asserts that the court may not now modify the decree because the provision for limited payments was not alimony but a property settlement agreement. This position, he says, is not a collateral attack upon the decree. In addition, he argues that Lillie is estopped from seeking modification.

The decisive question presented by Lillie's motion is whether the payments awarded by the decree were alimony, or part of a settlement of property rights. ■ In such a proceeding, "the trial court has jurisdiction to determine whether the decree was based upon a property settlement agreement with payments provided as a phase of property adjustment and therefore not subject to modification or was based upon alimony or support allowance covenants and therefore subject to modification." (*Codorniz* v. *Codorniz,* 34 Cal.2d 811, 814 [215 P.2d 32]; *Hough* v. *Hough,* 26 Cal.2d 605, 615 [160 P.2d 15]; *Puckett* v. *Puckett,* 21 Cal.2d 833, 841 [136 P.2d 1].) ■ A finding upon this issue, if supported by sufficient evidence, is binding upon an appellate court. (*Codorniz* v. *Codorniz, supra,* pp. 814-815; *Hough* v. *Hough, supra,* pp. 615-616; *Wallace* v. *Wallace,* 136 Cal.App. 488, 493 [29 P.2d 314]; *Atlass* v. *Atlass,* 112 Cal.App. 514, 517 [297 P. 53].)

Lillie argues that this rule is inapplicable where the decree, upon its face, clearly is one for alimony. However, the pro-

vision requiring the payment of stated amounts for a limited period is one of eight numbered paragraphs which specify in detail how "the hereinafter designated property which is found to be community property . . . [is to be] divided and apportioned." ■ The use of the words "support and maintenance" does not necessarily mean that the amount ordered to be paid in monthly installments was an award of alimony and not a part of the settlement of the property rights of the parties. (*Puckett* v. *Puckett, supra,* p. 842.) Under these circumstances, upon a motion to modify the terms of the decree, it was the duty of the trial court to determine whether or not alimony had been awarded. .

■ There is ample evidence to support the trial court's finding in the order denying modification that the provision for payments to Lillie was a disposition of property rights and not alimony. The decree, therefore, is not subject to modification. (*Puckett* v. *Puckett, supra,* p. 840; *Leupe* v. *Leupe,* 21 Cal.2d 145, 148 [130 P.2d 697]; *Dupont* v. *Dupont,* 4 Cal.2d 227, 228 [48 P.2d 677]; *Ettlinger* v. *Ettlinger,* 3 Cal.2d 172, 178 [44 P.2d 540].)

■ In resisting the motion, Emmett is not making a collateral attack upon the decree. He is relying upon the decree and the record in the original proceeding which clarifies its provisions. He does not, as did the defendant in *Gosnell* v. *Webb,* 60 Cal.App.2d 1, 4 [139 P.2d 985], upon which Lillie relies, "attack the decree by evidence that it is not what it appears to be, or that it is not in accordance with the agreement of the parties."

These conclusions make it unnecessary to discuss any of the other points presented.

The order is affirmed.

Gibson, C. J., Carter, J., Traynor, J., Schauer, J., Spence, J., and Wood (Parker), J. pro tem., concurred.