[Civ. No. 4801.   Fourth Dist.   Sept. 16, 1953.]

VERNA L. WERNER, Appellant, v. ALBERT J. WERNER, Respondent.

Ruel Liggett, Roy M. Cleater and E. C. Davis for Appellant.

Holt & Macomber and Henry F. Walker for Respondent.

MUSSELL, J.—Plaintiff appeals from an order, made upon application of defendant, reducing the monthly payments ordered to be made to plaintiff under the terms of interlocutory and final decrees of divorce.

Plaintiff contends (1) that the trial court did not have jurisdiction to modify the alimony provision of the divorce decrees since the alimony award was based upon and in consideration of a property settlement agreement which had

been approved by the court and made a part of the decrees; and (2) that the court abused its discretion in making the order of modification.

█ A divorce decree adjusting the property rights of the parties is not subject to modification regardless of whether or not it is based upon the agreement of the parties. █ However, the trial court had jurisdiction to determine whether the decrees herein were based upon the property settlement with payments provided as a phase of property adjustment and therefore not subject to modification or was based upon alimony or support allowance covenants and therefore subject to modification. (*Codorniz* v. *Codorniz,* 34 Cal.2d 811, 814 [215 P.2d 32].) █ This was an issue of fact to be determined by the trial court and where, as here, the implied finding that the stipulation was solely for alimony money is reasonable and is supported by substantial evidence it will not be disturbed on appeal even though a contrary finding might be equally tenable. (*Weedon* v. *Weedon,* 92 Cal.App. 2d 367, 369 [207 P.2d 78].) █ As was said in *Pearman* v. *Pearman,* 104 Cal.App.2d 250, 253, 254 [231 P.2d 101]:

"No single factor can be relied upon in any given case to determine whether monthly payments are in the nature of property or alimony. The agreement must be taken as a whole and consideration given as to the circumstances under which it was made and the nature and value of the property being divided and its relation to the amount of the periodic payments. (*Puckett* v. *Puckett,* 21 Cal.2d 833, 841-842 [136 P. 2d 1].) █ If the monthly payments are in the nature of property, they may not be modified. (*Puckett* v. *Puckett, supra,* at p. 840.) But if the payments are in the nature of alimony the court has the power to modify, whether such payments are based upon an agreement of the parties and whether or not the agreement is incorporated in the decree. (*Adams* v. *Adams,* 29 Cal.2d 621, 624-626 [177 P.2d 265]; *Hough* v. *Hough,* 26 Cal.2d 605, 612 [160 P.2d 15].)"

In the present case, on December 13, 1945, plaintiff obtained an interlocutory decree of divorce. Prior thereto the parties had entered into a property settlement agreement which was approved by the court and incorporated in the interlocutory and in the final decrees of December 14, 1946. On October 23, 1952, defendant obtained an order to show cause to modify the judgment by reducing the alimony provision from $50 per month to $14.17 per month by reason of a change of circumstances. The matter was heard on affidavits and the

court thereupon modified the decrees by reducing the payment to be made by defendant to $14.17 per month.

The property settlement agreement involved recites that the parties are desirous of settling for all time their respective property rights *and* (emphasis ours) of providing for the support and maintenance of the wife. Defendant apparently transferred all of his share of the community property to plaintiff as there is no mention of any property rights therein transferred to him. Plaintiff, in her amended complaint, sought an award to her of the community property. The case was tried as a default matter and there is no mention in the interlocutory decree of any community property other than that described in the agreement. It is therein provided that plaintiff received the family residence, the household furniture, furnishings and equipment. A diamond ring in the possession of plaintiff was transferred to the daughter of the parties. The defendant agreed to pay certain outstanding obligations and to pay plaintiff for *her support and maintenance* (emphasis ours) the sum of $50 per month until such time as she should remarry. It was further agreed that any amount received by her from the United States Veterans' Administration should be included in the said sum of $50.

It clearly appears that any and all community property rights of the parties were determined by the provisions of the interlocutory and final decrees and that plaintiff obtained all of the community property. The evidence supports the trial court's determination that the monthly payments were in the nature of alimony and not a division of property or in the nature of compensation for property being retained by the defendant. (*Pearman* v. *Pearman, supra,* 254.)

Plaintiff's contention that the trial court abused its discretion in modifying the alimony payments is likewise without merit. A modification of award pursuant to section 139 of the Civil Code rests within the discretion of the trial court and its order may not be set aside without a clear showing of an abuse of discretion. (*Leupe* v. *Leupe,* 21 Cal.2d 145-151 [130 P.2d 697].) We cannot find on the record before us that the evidence was not sufficient to support a finding of changed circumstances justifying the reduction that was made. In considering the evidence and the conflicting affidavits, all conflicts must be resolved in support of the order made by the trial court and must be considered in the light favorable to support rather than defeat the order. As

252

was said in *McKee* v. *McKee,* 108 Cal.App.2d 488, 490 [239 P.2d 37]:

"Adjustments of support money in such circumstances as meet the parties before us is one of the most difficult and baffling problems which confront a trial judge. But it is his problem. Time and again it has been emphasized that a reviewing court does not have the discretion in such matters that is vested in the trial judge."

Since the original alimony order was made, according to defendant's affidavit, plaintiff has become self-supporting and receives $90 per month plus her room and board from her employment. She received $15,000 in cash from the sale of the home awarded to her by the court. Defendant's affidavit further shows that he has remarried and that his earnings are not sufficient to pay the amount allowed and to properly maintain himself and his present wife.

The reduction in alimony payments ordered by the court is not unreasonable in view of the present circumstances of the parties and no clear abuse of discretion appears.

Order affirmed.

Griffin, Acting P. J., concurred.