[L. A. No. 22499. In Bank. Jan. 8, 1954.]

MARY DEXTER, Plaintiff and Appellant, v. RAYMOND C. DEXTER, Defendant and Appellant.

Hightower & Martin, Irving M. Walker, John L. Martin, and Mark Mullin for Plaintiff and Appellant.

Macfarlane, Schaefer & Haun and William Gamble for Defendant and Appellant.

TRAYNOR, J.—On May 25, 1944, plaintiff Mary Dexter and her husband, defendant Raymond Dexter, executed an agreement providing for the division of their community property and the support and maintenance of plaintiff and the children of the marriage. The agreement recited that the parties were separated and had lived apart for some time, that the separation appeared to be permanent, and that "The said parties desire to effect a division of their community property and to provide for the support and maintenance of [plaintiff] and said children by friendly agreement, instead of resorting to court for said purpose." It then provided that certain enumerated property should be conveyed to and become the separate property of plaintiff. The next para-

graphs provided that "[Defendant] agrees to pay to [plaintiff] for her support and maintenance and the support of their adult daughter and minor son, the sum of one hundred fifty dollars ($150.00) per month. . . . In addition thereto first party agrees to pay for the daughter's Sorority dues and other expenses the sum of twenty-five ($25.00) per month, commencing June 1, 1944, and continuing thereafter so long as said daughter remains an undergraduate in college, and unmarried, but not to exceed (2) years from June 1, 1944.

"When the minor son of the parties hereto leaves school and goes to work, or when and if he goes into the military forces of the United States, then the monthly payment of [plaintiff] shall be decreased to one hundred dollars. . . .

"In addition to the above amounts, [defendant] agrees, at his expense, to fix up the guest or maid's house at the premises above described, and to repair the fence on said property.

"Upon the marriage of [plaintiff], all payments to her for her support and maintenance shall cease, but the payments for the minor son and daughter shall continue on the terms hereinabove provided. Upon the death of [plaintiff], all payments hereunder shall cease and [defendant] will assume any obligation for the support of said children.

"(4) All money and property of the parties hereto, other than that agreed to be conveyed to [plaintiff], shall be conveyed to [defendant], and shall become the separate property of [defendant]. . . .

"(6) Other than as expressly provided for herein, the respective parties hereto do hereby release the other party hereto respectively from any and all right of support, care and maintenance, as the husband or wife, respectively, of the other party. It is the intention of the parties hereto to make a final settlement herein of all rights of support, care and maintenance, one against the other, and to release the other party respectively from all rights of such support, care and maintenance other than as herein provided. . . .

"(8) Neither party hereto waives any cause of action for divorce which he or she, respectively, has against the other party hereto.

"In any action for divorce or maintenance hereafter brought by either party, [plaintiff] waives any right to alimony, temporary or permanent, other than such amount as is provided for hereinabove for her support.

"[Defendant] assumes and agrees to pay all attorneys fees incurred by the parties hereto in the execution of this agree-

ment and agrees to pay all court costs and reasonable counsel fees incurred by [plaintiff] in any action for divorce which she may file against [defendant.]''

Shortly after this agreement was executed plaintiff filed an action for divorce on the ground of extreme cruelty. She attached the agreement to the complaint and prayed that it be approved, that defendant be directed to comply with it, and that alimony be awarded in accordance with its terms. Defendant defaulted and an interlocutory decree was entered. The decree approved the agreement, ordered defendant to comply with it, and provided that pursuant to its terms, ''defendant is ordered to pay the plaintiff monthly the sum of $150.00 . . . commencing June 1, 1944; provided, however, that when the son Norman Greenaway Dexter, leaves school and goes to work, or when he goes into the military forces of the United States, the said monthly award shall be reduced to the sum of $100.00 per month.'' The decree also expressly incorporated the provision with respect to the payment of $25 per month for the college expenses of the adult daughter of the parties. A final decree was entered approximately one year later. In 1952 plaintiff petitioned the court to increase the amount of the monthly payments to $800 on the ground of changed circumstances. The court entered its order refusing modification on the ground that it had no jurisdiction to modify the amount of the payments. Plaintiff appealed and secured an order for attorney fees and costs on appeal, and defendant appealed from the latter order.

Plaintiff contends that the payments ordered to be made pursuant to the agreement are alimony subject to modification by the court under section 139 of the Civil Code. Defendant, on the other hand, contends that they constitute an integral part of the property settlement agreement of the parties and are not, therefore, subject to modification.

A husband and wife may contract with respect to their property (Civ. Code, § 158), and if they are living separate and apart they may provide for the support and maintenance of either of them and their children. (Civ. Code, § 159.) Moreover, as between the husband and wife, if the provisions for support and maintenance have been made an integral or inseverable part of the division of their property, and the court in a divorce action has approved the agreement, its provisions cannot thereafter be modified without the consent of both of the parties. (*Tuttle* v. *Tuttle*, 38 Cal.

2d 419, 420-422 [240 P.2d. 587] ; *Adams* v. *Adams,* 29 Cal.2d
621, 625 [177 P.2d 265] ; *Puckett* v. *Puckett,* 21 Cal.2d 833,
841-842 [136 P.2d 1] ; *Ettlinger* v. *Ettlinger,* 3 Cal.2d 172,
175-178 [44 P.2d 540] ; *Sasanoff* v. *Sasanoff,* 120 Cal.App.2d
120, 127 [260 P.2d 840] ; *Hamilton* v. *Hamilton,* 94 Cal.
App.2d 293, 299 [210 P.2d 750] ; *Alexander* v. *Alexander,* 88
Cal.App.2d 724, 726-727 [199 P.2d 348] ; *Holloway* v. *Holloway,* 79 Cal.App.2d 44, 46-47 [179 P.2d 22] ; *Kohl* v. *Kohl,*
66 Cal.App.2d 535, 540-541 [152 P.2d 494] ; *Landres* v. *Rosasco,* 62 Cal.App.2d 99, 105-106 [144 P.2d 20] ; *Rich* v. *Rich,*
44 Cal.App.2d 526, 530 [112 P.2d 780].)

 It is clear that the parties executed such an agreement
in this case. They expressly stated that they intended finally
to settle both the division of their property and their rights
and duties with respect to support and maintenance, and each
party waived ''any and all right to support, care and maintenance'' other ''than as expressly provided for herein.'' It
would be contrary to the clearly expressed intention of the
parties to hold that the provision for monthly payments constituted a separable agreement for the payment of alimony
subject to the continuing jurisdiction of the court to modify.

Plaintiff contends, however, that since the monthly payments
were to terminate on her death or remarriage and were described as alimony in the prayer of her complaint, they should
be so treated. She points out that if they were intended as
a division of property it would have been more reasonable for
the agreement to provide that they should continue until a
given amount had been paid. These considerations would be
more persuasive if the issue presented was whether, on the
one hand, the monthly payments were solely part of a division
of the community property, or, on the other hand, solely
alimony. When, as in this case, however, the parties
have made the provision for support and maintenance an
integral part of their property settlement agreement, the
monthly payments will ordinarily have a dual character. To
the extent that they are designed to discharge the obligation
of support and maintenance they will ordinarily reflect the
characteristics of that obligation and thus have the indicia
of alimony. (See *Puckett* v. *Puckett,* 21 Cal.2d 833, 838
[136 P.2d 1] ; *Ettlinger* v. *Ettlinger,* 3 Cal.2d 172, 174 [44
P.2d 540] ; *Kohl* v. *Kohl,* 66 Cal.App.2d 535, 537 [152 P.2d
494].) On the other hand, to the extent that they represent
a division of the community property itself, or constitute an
inseparable part of the consideration for the property settle-

ment, they are not alimony, and accordingly cannot be modified without changing the terms of the property settlement agreement of the parties.

Plaintiff contends, however, that when the provision of the agreement for monthly payments was expressly incorporated into the interlocutory decree and defendant was ordered to perform it, it became merged in the decree, and that therefore, under the rule stated in *Hough* v. *Hough,* 26 Cal.2d 605 [160 P.2d 15], it was subject to modification pursuant to section 139 of the Civil Code. In the Hough case, however, it had become res judicata that the payments there involved were alimony and not an integral part of a property settlement. Accordingly, the court was not called upon to review the correctness of that determination, and it held that an agreement for alimony that had been merged in a divorce decree could no longer be enforced in an independent action. In the present case, on the other hand, there has been no previous adjudication in modification proceedings that the monthly payments are alimony. Moreover, the interlocutory decree itself did not purport to determine the character of the payments. It merely ordered defendant to make them pursuant to the terms of the agreement and thus made clear that judgment remedies including contempt would be available for the enforcement of his obligations.

In the absence of an order for the payment of alimony in the interlocutory decree, such as the order that had been found to be present in the Hough case (see, also, *Werner* v. *Werner,* 120 Cal.App.2d 248, 249-252 [260 P.2d 961]; *Dunning* v. *Dunning,* 114 Cal.App.2d 110, 114 [249 P.2d 609]; *Pearman* v. *Pearman,* 104 Cal.App.2d 250, 253 [231 P.2d 101]; *Weedon* v. *Weedon,* 92 Cal.App.2d 367, 369-370 [207 P.2d 78]; *Gosnell* v. *Webb,* 60 Cal.App.2d 1, 3-5 [139 P.2d 985]), or a reservation of jurisdiction to make such an order in the future, the court cannot, after the interlocutory decree has become final, add a provision for alimony or modify the amount of payments ordered pursuant to a property settlement agreement. Accordingly, if plaintiff was dissatisfied with her contract whereby she had made the support and maintenance provisions an integral part of the settlement of property rights and had tenable grounds for setting it aside, she should have attacked the agreement before the interlocutory decree was entered. She cannot, however, after having secured its approval by the court and having accepted the benefits thereof, now seek relief inconsistent with its terms.

(*Patton* v. *Patton*, 32 Cal.2d 520, 523-524 [196 P.2d 909]; *Adams* v. *Adams*, 29 Cal.2d 621, 627-628 [177 P.2d 265].)

In support of her motion for an increase in the monthly payments, plaintiff filed an uncontradicted affidavit stating that under their agreement the parties divided the community property equally. She contends that a provision waiving all support and maintenance except as is provided in a property settlement agreement is invalid unless it is given in exchange for a greater share of the community property than that to which the party would otherwise be entitled. Although it was that type of agreement that was present in the Adams case, the rationale of that decision applies equally to other types of integrated bargains. ▆ Thus if the wife agreed to accept less than her share of the community property in exchange for greater support and maintenance payments, it would be unjust to her subsequently to hold that the payments were alimony subject to reduction on motion of the husband. (See 1 Armstrong, California Family Law, p. 801.) ▆ Moreover, at the time a property settlement is made, the parties may be uncertain as to which of their property is community rather than separate, and they will ordinarily not know how the court in the divorce action will find the facts or how it would, in the absence of an acceptable agreement, exercise its discretion in dividing the property and awarding alimony. The amicable adjustment of these doubtful questions with respect to the property and support and maintenance rights of the parties may alone supply sufficient consideration to support their entire agreement. (*Bennett* v. *Bennett*, 219 Cal. 153, 159 [25 P.2d 426].) Thus in the present case, the parties recited that they desired to settle their property and support and maintenance rights ''by friendly agreement, instead of resorting to court for said purpose.'' ▆ Moreover, since plaintiff secured her divorce on the ground of extreme cruelty, had the parties not settled their rights by agreement, the court could in its discretion have awarded plaintiff all of the community property and less alimony than she received under her agreement. In such case, however, the alimony would be subject to reduction in the event of changed circumstances. ▆ Plaintiff was entitled to agree instead to an equal division of the community property in exchange for support and maintenance payments that could not be reduced. Accordingly, the fact that the community property was divided equally has no bearing on the validity of the

provision of the agreement whereby both parties waived all rights to support and maintenance other than as provided therein. (*Tuttle* v. *Tuttle,* 38 Cal.2d 419, 420 [240 P.2d 587]; *Sasanoff* v. *Sasanoff,* 120 Cal.App.2d 120, 127 [260 P.2d 840]; see, also, *Hamilton* v. *Hamilton,* 94 Cal.App.2d 293, 299 [210 P.2d 750]; *Holloway* v. *Holloway,* 79 Cal.App.2d 44, 45-46 [179 P.2d 22].)

Defendant contends that if the payments are not subject to modification, the court had no power to order him to pay plaintiff's costs and attorney fees on appeal. The trial court had jurisdiction, however, to determine in this proceeding the character of the payments involved, and accordingly, the divorce action is still pending within the meaning of section 137.3 of the Civil Code. (*Lerner* v. *Superior Court,* 38 Cal.2d 676, 685 [242 P.2d 321]; *Wilson* v. *Wilson,* 33 Cal.2d 107, 115 [199 P.2d 671].) Since plaintiff did not waive any right she might have to attorney fees and costs in her agreement and no abuse of discretion has been shown, the order awarding costs and attorney fees on appeal must be affirmed.

The orders are affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Schauer, J., and Spence, J., concurred.

CARTER, J., Concurring and Dissenting.—I concur in the judgment affirming the orders in this case but I disagree with some of the reasoning leading thereto.

The trial court here entered its order refusing modification of the support provisions incorporated in the interlocutory and final decrees of divorce on the ground that it had no jurisdiction to modify the amount of the payments.

Prior to entering its order, the trial court sustained defendant's objection to the introduction of evidence on the ground that the rights of the parties were governed by their contract.

The majority here say that: "The trial court had jurisdiction, however, to determine in this proceeding the character of the payments involved, . . ." This is inconsistent with its holding that the orders are to be affirmed. If the trial court could determine the character of the payments which were provided for in the agreement entered into between the parties, then it improperly sustained defendant's objection to the introduction of evidence on that issue, and the case should have been reversed. Not only is the majority opinion in this case inconsistent in itself, but it is inconsistent with

the case of *Fox* v. *Fox, post,* p. 49 [265 P.2d 881], where it was said: "Plaintiff contends, however, that since the payments were labeled alimony, were to cease on her remarriage, and were subject to modification in the event of a reduction of defendant's pension, there is evidence to support the trial court's implied finding that they were solely alimony subject to modification. *In the absence of conflicting extrinsic evidence, the interpretation placed upon the agreement by the trial court is not binding on this court on appeal. . . .*" (Emphasis added.) The clear implication from this is that the character of the payments is a question of fact to be determined by the trial court upon evidence offered by the parties for that purpose. It is admitted that "there has been no previous adjudication in modification proceedings that the monthly payments are alimony. Moreover, the interlocutory decree itself did not purport to determine the character of the payments. It merely ordered defendant to make them pursuant to the terms of the agreement and thus made clear that judgment remedies including contempt would be available for the enforcement of his obligation."

With the holding of the majority that this was a property settlement agreement entered into between the parties which the court had no power to modify, I agree. It is said that plaintiff "cannot, however, after having secured its approval by the court and having accepted the benefits thereof, now seek relief inconsistent with its terms." The factual situation here presented shows that the trial court approved the agreement entered into between the parties in its entirety and ordered that it be performed. It also shows that the support provisions for plaintiff were "pursuant to the terms of said agreement" set forth in the interlocutory decree of divorce which was granted to the plaintiff. The rule in such a case should be that if the entire agreement is approved by the court and part of its provisions are incorporated in the decree and ordered to be performed, those portions included in the decree may be enforced by contempt proceedings. The balance of the provisions, approved by the court but not incorporated in the decree, may be enforced by separate action. It should also be the rule that where the terms of a property settlement or separation agreement or an agreement for support and maintenance have been approved by the court as valid and enforceable and incorporated in the decree, the court may not, in that action, or in a later action, modify its terms and

provisions. Once presented to the court, approved by it, incorporated in the decree and the performance thereof ordered, the parties are bound by their agreement with respect to support and maintenance, or alimony, as the case may be.

There are several code provisions (§§ 158, 159, 175) which all grant to the parties the right to contract with each other. In the absence of fraud or overreaching there is no reason why a contract providing for support and maintenance should not be given the dignity accorded to other contracts. A majority of this court accords that dignity to a property settlement agreement which provides for monthly payments but holds that the trial court has power to determine the character of the payments. In the present case that statement is a *non sequitur* since the majority sustains the trial court's action in refusing to admit evidence concerning the character of the payments. Where we disagree is that I believe that once the parties have entered into an agreement whether it purports to divide the property, or provide for support and maintenance payments without a division of the property, which is found to be fair and equitable, the subject is forever closed and the parties are bound by the terms of their agreement. Incorporation in the decree has only the effect of making the remedy on the judgment and not on the agreement which has become merged therein. In the event of lack of incorporation, the remedy is on the agreement which should have the same dignity as other contracts.

In these three cases (*Dexter* v. *Dexter, Fox* v. *Fox, Flynn* v. *Flynn*) this court had an opportunity to clarify the law so that stability might be given to property settlement agreements and agreements for support and maintenance. Not only do the majority holdings in these three cases not settle the law, but they add untold confusion. The import of the Flynn decision is that an appellate court may order a property settlement agreement, which is not even in the record, attached to a judgment of divorce after that judgment has become final. As I pointed out in my dissent there, there was no adequate incorporation and the parties should have resorted to an action on the agreement itself for the sum and substance of their rights and duties, it having been approved by the court in the divorce action. The import of this case is that the question of the character of the payments involved in the agreement of the parties now merged in the divorce decree is a question of fact for the trial court which it may determine without any evidence on the subject other than the agreement

itself. This result naturally flows from its affirmance of the trial court's action in refusing to admit plaintiff's evidence on the subject. The logical inference, of course, to be drawn from the action of the trial court is that it impliedly considered the agreement to be one of property settlement. Then we have the Fox case wherein it is said that in the absence of conflicting extrinsic evidence the finding of the trial court on the character of the payments is not binding on an appellate court. If no evidence is necessary, or admissible, then this court, or any District Court of Appeal, may make its own determination as to the character of the payments agreed upon by and between the spouses to the end that litigation in these matters will be endless and the law on the subject will be without any stability whatsoever. As I pointed out in my dissent in the Flynn case, how will attorneys know how to advise, or act for, their clients in cases of this kind? The obvious answer is that they will not have the remotest idea whether to incorporate the entire agreement *in haec verba,* or in substance, or attach it physically to the decree of divorce or whether, no matter how it is done, the trial court, or any appellate court will not determine that if monthly payments are provided for those payments constitute alimony subject to modification.

Left open in the majority opinions in all three cases, but there by implication, is whether the parties may contract with each other as to alimony, or support and maintenance, where no property division as such is involved. If the parties agree on a certain sum to be paid monthly, or annually, or semiannually, in lieu of any lump sum provision, that agreement, if fair and equitable, should have the same stability as where there has been a division of property by agreement. So far as alimony *per se* is concerned, if the parties cannot or for some reason do not themselves reach an amicable agreement on the subject, the trial court has the power to make such provision in the decree. In this event, the amount would, of course, be subject to modification under the continuing jurisdiction of the court. Why the parties should not be able to make a binding agreement for the payment of alimony or money purely for support and maintenance, is not made clear by the majority.

The majority opinion in each of these cases leaves the obvious implication that if such an agreement is incorporated in the decree, its provisions will be subject to modifi-

cation, but if it is not so incorporated, it may not be modified. This implication follows from the majority holding that if the agreement is incorporated, the court has power to determine the character of the payments, that is, whether they are for alimony or a part of a property settlement. Why the difference? Is not a fair, just and valid agreement to pay alimony or support money just as binding as one which also contains provisions for a property settlement? Either agreement could provide for its modification under specified conditions. But in the absence of such provision it would remain unchanged. Why should not such an agreement for alimony alone be binding on the court if it is incorporated in the decree and approved?

My position is that if the parties have agreed to a division of their property, or for support and maintenance for one of them without a property division, and that agreement has been approved by the court as fair and equitable, whether incorporated in the decree or not, their agreement sets forth the full sum of their rights and obligations and may not be modified without a subsequent agreement made by them. If they have not agreed on support and maintenance, the court may, upon application, provide for alimony which is then subject to modification under the rules applicable thereto, or if they have not agreed upon a property division the trial court may, on trial of the divorce action, divide the property of the parties in accord with settled principles of law applicable to the case.

I would affirm the order refusing modification in this case because the parties had, by their agreement, the pertinent provisions of which were incorporated in the decrees of divorce and approved by the court as fair and equitable, set forth their rights and liabilities. With respect to defendant's appeal from the order granting plaintiff her attorneys' fees, defendant agreed in the agreement entered into between the parties to pay all attorneys' fees and costs incurred by plaintiff in any action for divorce which might be filed. The agreement contains no waiver on the part of plaintiff as to any further attorneys' fees, and the order granting such fees should be sustained inasmuch as any allowance therefor is discretionary with the trial court and there is here no claim of abuse of that discretion.