[Civ. No. 18993.  Second Dist., Div. One.  Nov. 10, 1952.]

RANDAL CREWS DUNNING, a Minor, etc., et al., Plaintiffs; VIRGINIA CREWS DUNNING, Respondent, v. CARROLL DODGE DUNNING, Appellant.

Covey & Covey and William Solomon for Appellant.

John L. Mace for Respondent.

WHITE, P. J.—Plaintiff and respondent brought an action to recover upon the terms of a property settlement agreement providing for payment of money for the support of plaintiff and the minor children of plaintiff and defendant. The issue as to the support of the children having been settled by stipulation, this appeal concerns only the judgment for the plaintiff wife based upon support and maintenance provisions for her benefit contained in the property settlement agreement. The issue presented in the court below and on appeal is whether the contract provisions for periodic payments by the husband to the wife were superseded by their incorporation in the interlocutory judgment of divorce and hence unenforceable by an action upon the contract. The occasion for this action arises from the fact that the court in the divorce action by orders modifying the interlocutory judgment reduced the payments required of the husband to amounts substantially less than the stipulations of the contract.

From the agreed statement on appeal it appears that husband and wife, subsequent to the commencement of her action for divorce, had entered into a "property settlement agreement" which provided for the assignment of certain shares of stock and Treasury bonds to the wife and other shares of stock to the wife and each of the two children. With reference to payment of money to the wife, the agreement provided as follows:

"First Party (the husband) covenants and agrees to pay to Second Party for the support and maintenance of herself and of said minor children the sum of One Hundred Forty ($140.00) Dollars per week, . . . . In addition thereto, First Party shall secure and deliver to second Party a lease (upon certain residential premises). . . .

"Said payments shall continue during the life of Second Party and until she remarries a person other than First Party.

"If Second Party shall remarry a person other than First Party, First Party shall thereafter pay to Second Party for the support and maintenance of each of said minor children the sum of Forty-six and 66/100 ($44.66) Dollars each per week, payable weekly so long as each such child is a minor.

"First party covenants and agrees to pay to Second Party in addition to the amounts hereinabove agreed to be paid for the support and maintenance of Second Party and said minor children, forty per cent (40%) of his annual net

income (as defined and computed under the Federal Income Tax Rules and Regulations) from all sources in excess of the sum of Thirteen Thousand ($13,000.00) Dollars, before deduction for income taxes, social security, and unemployment insurance. . . ."

"Said payments shall continue during the life of Second Party and until she shall remarry, and shall likewise continue after the remarriage of Second party for the benefit of said minor children until both of said children shall have attained their majority."

The parties further agreed as follows: "If at any time either of the parties to this agreement shall seek or obtain a divorce or legal separation from the other, this agreement shall still remain in full force and effect. Either party may have this agreement *made a part* of any divorce or separation decree made by any court of competent jurisdiction, *provided, however, that any such decree shall not affect or supersede this agreement in any way."* (Emphasis added.)

Again referring to the agreed statement, it appears that an interlocutory judgment of divorce (by default) in favor of the wife was entered on April 11, 1950, approximately one month after the execution of the agreement. The transcript of the testimony at the default hearing discloses the following:

"MR. MACE (Counsel for plaintiff) : We would like to offer a copy (of the agreement), your Honor; we are not asking for it to be approved.

"THE COURT: Well, if you are not asking for its approval, why——

"MR. MACE: But we are incorporating its terms in the interlocutory decree.

"    .    .    .    .    .    .    .    .    .    .    .    .

"THE COURT: All right, the original will be received as Plaintiff's Exhibit 1; a copy thereof will be substituted, . . .

"THE COURT: Counsel, the decree here is very lengthy. I should want to check it against the property settlement agreement.

"MR. MACE: Yes, your Honor."

By its interlocutory judgment of divorce the court did not approve the property settlement agreement, nor did it state that it "was made a part" of the interlocutory judgment. However, in addition to other provisions, the inter-

locutory judgment contained directions for payments by the husband in precisely the language employed in the agreement and which language has been hereinabove quoted. Appellant contends that the foregoing decree presents a situation in which an agreement for the payment of sums for support and maintenance has been incorporated in and superseded by a judgment of the superior court (*Hough* v. *Hough,* 26 Cal.2d 605, 609, 610 [160 P.2d 15]), and under the authority of the cited case no action may be maintained upon that portion of the agreement which has been superseded by the judgment, the remedy of the complaining party being upon the judgment and not upon the contract.

The respondent contends, however, that the agreement was not incorporated in the interlocutory judgment, in that it was not presented for approval and was not approved; that the trial court in the divorce action considered the agreement only as evidence of what would constitute a reasonable sum for alimony and child support; that the record discloses that the court did not intend to incorporate the agreement in the interlocutory judgment; that the appellant waived this defense to an action on the contract; and that an appellate court is bound by the findings of the court below in the absence of a showing that such findings are not supported by substantial evidence.

We are satisfied that in the instant case the provisions of the agreement with reference to alimony payments (paragraphs 4 and 5) to respondent wife were actually incorporated in the decree and that the decree orders the performance of such provisions. Therefore, the provisions so incorporated are merged in the decree and may be enforced only as the order of the court (*Lazar* v. *Superior Court,* 16 Cal.2 617, 620 [107 P.2d 249]; *Hough* v. *Hough,* 26 Cal.2d 605 [160 P.2d 15]; *Shogren* v. *Superior Court,* 93 Cal.App.2d 356 [209 P.2d 108]).

That respondent fully intended to incorporate the terms of the agreement in the interlocutory decree is evidenced by the language of her counsel (heretofore quoted) at the trial. From such language it must necessarily be assumed that respondent, in asking the court to incorporate the alimony provisions of the agreement in the decree, was desirous of securing for herself the right to seek enforcement of such provisions by proceedings on the decree, including such aids as execution, contempt and other process of the court, together

with an action on the decree. Respondent could have preserved her right to sue under the contract if paragraphs 4 and 5 thereof were not incorporated in the decree and not made a part thereof.

Respondent next contends that by the terms of paragraph 16 of the property settlement agreement, which provides in part that ''Either party may have this agreement made a part of any divorce or separation decree made by any court of competent jurisdiction, *provided, however, that any such decree shall not affect or supersede this agreement in any way*'' (emphasis added), appellant waived his right to defend in the instant action upon the ground of incorporation and merger of said provisions of the agreement in the decree.

■ Whatever may be said of the efficacy of such a waiver so far as agreements between husband and wife regarding property and property rights are concerned, we are satisfied that any such agreement between the parties attempting to limit the power of the court over alimony and child support (Civ. Code, § 139) would contravene public policy and cannot be upheld. As was said by our Supreme Court in *Hough* v. *Hough, supra,* page 612, ''The settlement of property rights should be final in order to secure stability of titles. Support allowances, on the other hand, should be subject to the discretion of the court as justice may require. It may well be reasoned that the provisions of section 139 of the Civil Code authorizing the modification of support allowances becomes an implied part of the agreement when it is incorporated into the decree.''

The obligation to pay alimony is a continuing one, subject at all times to the scrutiny of the courts as to fairness and adequacy from the beginning, and the contract of the parties cannot be permitted to deprive the court of power which it otherwise possesses.

■ Respondent's contention that the trial court's finding that the property settlement agreement was not presented to the court at the trial for approval, was not approved by it, and was not incorporated in the decree, cannot be disturbed on appeal if reasonably supported by the record, even though a contrary finding might be equally tenable, cannot be sustained. The rule relied upon by respondent has no application to the case now engaging our attention. There is no conflict in the evidence. The controversy was submitted to the trial court upon a stipulation of facts. ■ Under the circum-

stances here presented, there is no issue of fact, and it is the duty of an appellate court to make the final determination, in accordance with the applicable principles of law, as to whether paragraphs 4 and 5 of the property settlement agreement were or were not incorporated and merged in the interlocutory judgment of divorce. (*Estate of Platt,* 21 Cal.2d 343, 352 [131 P.2d 825].)

For the foregoing reasons, the judgment appealed from is modified by striking therefrom the provisions of paragraph 3, providing for the recovery of $900.00 and interest from the defendant, and inserting in lieu thereof a provision that plaintiff take nothing from defendant by her second cause of action. Appellant to recover costs on appeal.

Doran, J., and Drapeau, J., concurred.

The opinion and judgment were modified to read as printed above and a petition for a rehearing was denied November 24, 1952.