[Civ. No. 19378. Second Dist., Div. Two. Feb. 6, 1953.]

EDITH O. METZGER WILLIAMS, Appellant, v.
HOWARD I. METZGER, Respondent.

Lee Combs for Appellant.

David G. Watts for Respondent.

FOX, J.—On July 11, 1944, the parties, who were then husband and wife, entered into an agreement providing, *inter alia,* for the settlement of their property rights and that the wife should have custody of her 11-year-old son by a previous marriage, who however, had been adopted by her husband. It further provided that, for alimony and support of the minor child, the husband agreed to pay the wife $50 a week for one year, and thereafter, during the minority of the child, the said payments were to continue at the rate of $25 a week. Thereafter the wife filed a suit for divorce,

set up the agreement, and asked that it be approved and incorporated in the decree. On August 16, 1944, plaintiff was granted an interlocutory decree of divorce and the custody of the minor child was awarded to her; the agreement was approved, and the provision thereof for the support of plaintiff and the minor child was incorporated in the decree and defendant ordered to make the specific payments beginning as of the date of the agreement. These designated payments are "for alimony and for the support of the minor child."

After the remarriage of plaintiff, and upon application of defendant in February, 1946, the court modified the decree by striking out the provision for payment of alimony and ordering defendant to thereafter pay plaintiff $25 a week for the support of the minor child. A further modification of the decree was made in September, 1946, reducing the payments of $25 a week to $17.50 a week while the child remained in Southern California, and $12.50 a week if the child was removed therefrom by plaintiff. A final modification was made in January, 1951, terminating all support payments because the minor was in the United States Navy. No appeal has been taken from any of these orders and they are now final. Defendant has paid all, or substantially all, of the moneys required by the original decree and the several modifications thereof.

Plaintiff brought this action based on the aforesaid contract, claiming that there is a balance of more than $3,000 due thereon. She appeals from a judgment in favor of the defendant and from an order denying her motion to vacate the judgment and for entry of a new and different judgment.

The trial court found that the agreement dated July 11, 1944, providing for the payments to be made by the defendant for the support of the plaintiff and the minor child, "was incorporated in and made a part of an interlocutory judgment of divorce" which had become final. A comparison of the support provisions of the agreement with those of the interlocutory decree amply sustain this finding.

■ Where such an "agreement is presented to the court in the divorce proceeding for adjudication, and the agreement, or a part thereof, is incorporated in the decree and made a part thereof, the part so incorporated is merged in the decree," precluding any subsequent right of action on the agreement, or portion thereof so incorporated in the decree. (*Hough* v. *Hough,* 26 Cal.2d 605, 609, 610 [160 P.2d

15].)  ■  Here it is established by the foregoing finding that the provisions for support contained in the agreement between the parties dated July 11, 1944, were incorporated in the divorce decree. Under the rule of the Hough case, the support provisions of the agreement were merged into the decree and plaintiff no longer had any right of action based on the agreement. The obligations thereafter for support were not those imposed by the contract but were those imposed by the decree and were enforceable as such. (*Hough* v. *Hough, supra*; *Shogren* v. *Superior Court,* 93 Cal.App.2d 356, 358 [209 P.2d 108]; *Verdier* v. *Verdier,* 36 Cal.2d 241, 247 [223 P.2d 214]; *Dunning* v. *Dunning,* 114 Cal.App.2d 110, 113 [249 P.2d 609]. See, also, 2 Stan.L.Rev., (1950) p. 736; 39 Cal.L.Rev. (1951) p. 252.) It is therefore clear that plaintiff was not entitled to recover.

The judgment and order are affirmed.

Moore, P. J., and McComb, J., concurred.