[Civ. No. 66655. Second Dist., Div. Three. Apr. 28, 1983.]

SARAH S. JONGEPIER, Plaintiff and Appellant, v.
RALPH LOPEZ, as Chief, etc., et al., Defendants and Respondents.

536

COUNSEL

Russell S. Balisok for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Thomas E. Warriner, Assistant Attorney General, Anne S. Pressman and Richard J. Magasin, Deputy Attorneys General, for Defendants and Respondents.

OPINION

**POTTER, Acting P. J.**—Plaintiff Sarah S. Jongepier appeals from the order of the superior court denying a peremptory writ of mandate to require defendants Ralph Lopez, Chief, Health Facilities Division, Los Angeles County Department of Health Services and Beverlee Myers, Director, California State Department of Health Services, to refrain from introducing complainants by name to operators of long-term health facilities during inspections pursuant to Health and Safety Code[1] section 1420 in which such complainants accompany the inspector as therein provided.

The State Department of Health Services is the agency charged with the responsibility for insuring that long-term health facilities are in compliance with state statutes and regulations pertaining to health care, by conducting inspections when a request is made therefor, pursuant to section 1419. It discharges that function in the County of Los Angeles through its agent, the county health facilities division.

The facts are not in dispute. In carrying out the inspection function, representatives of the State Department of Health Services are governed by a proce-

---

[1]Unless otherwise indicated, all statutory references are to the Health and Safety Code.

dure manual which plaintiff contends violates the provisions of the Long-Term Care, Health, Safety, and Security Act of 1973 (Health & Saf. Code, §§ 1417-1439) and particularly the provisions of sections 1419 and 1420, the text of which is as follows:

"Any person may request an inspection of any long-term health care facility in accordance with the provisions of this chapter by giving notice to the state department of an alleged violation of applicable requirements of state law. Any such notice shall be in writing signed by the complainant and shall set forth with reasonable particularity the matters complained of. The substance of the complaint shall be provided to the licensee no earlier than at the commencement of the inspection. *Neither the substance of the complaint provided the licensee nor any copy of the complaint or record published, released, or otherwise made available to the licensee shall disclose the name of any individual complainant or other person mentioned in the complaint, except the name or names of any duly authorized officer, employee, or agent of the state department conducting the investigation or inspection* pursuant to this chapter, unless such complainant specifically requests the release of such name or names or the matter results in a judicial proceeding." (§ 1419.) (Italics added.)

"Upon receipt of a complaint, the state department shall assign an inspector to make a preliminary review of the complaint and shall notify the complainant of the name of such inspector. Unless the department determines that the complaint is willfully intended to harass a licensee or is without any reasonble basis, it shall make an onsite inspection within 10 working days of the receipt of the complaint. In either event, the complainant shall be promptly informed of the department's proposed course of action. *Upon the request of either the complainant or the department, the complainant or his representative, or both, may be allowed to accompany the inspector to the site of the alleged violations during his tour of the facility, unless the inspector determines that the privacy of any patient would be violated thereby.*" (§ 1420.) (Italics added.)

The manual specifies that when the complainant accompanies the inspector, the following shall occur:

"4. The complainant and/or representative shall be introduced to the administrator or the person in charge of the facility in the absence of the administrator.

"5. The evaluator shall explain the presence of the complainant and/or representative."

According to the declaration of the deputy director of the licensing and certification division of the State Department of Health: "8. This policy was pro-

mulgated because a facility is not under an obligation to allow entry to inspect to an unidentified individual. Therefore, it is necessary to introduce the complainant and identify him or her as one who is lawfully authorized to accompany the inspector. The development of this policy is consistent with the requirement under Health and Safety Code § 1278 that officers, employees, and agents of the Department present proper identification when entering to inspect a facility.''

Section 1278 provides: "Any officer, employee, or agent of the state department may, upon presentation of proper identification, enter and inspect any building or premises at any reasonable time to secure compliance with, or to prevent a violation of, any provision of this chapter.''

The issues presented by the showing made are solely questions of law. Consequently, this court "is not bound by the trial court's determination" (*Shoban* v. *Board of Trustees* (1969) 276 Cal.App.2d 534, 541 [81 Cal.Rptr. 112]) and "this court is free to draw its own conclusions of law from such undisputed facts" (*White* v. *Berrenda Mesa Water Dist.* (1970) 7 Cal.App.3d 894, 900 [87 Cal.Rptr. 338]). As this court said in *Dunning* v. *Dunning* (1952) 114 Cal.App.2d 110, 114-115 [249 P.2d 609]: "Under the circumstances here presented, there is no issue of fact, and it is the duty of an appellate court to make the final determination, in accordance with the applicable principles of law. . . .''

Defendants contend that: (1) the applicable provisions of law do not preserve the complainant's anonymity when the complainant accompanies the inspector to the site of the alleged violation; and (2) a request to accompany the inspector should be deemed a waiver of the complainant's right to anonymity. Neither contention will stand analysis.

■ Defendants start with the premise that section 1278 limits the inspections to which facilities must submit, and that it requires presentation of proper identification of all participants. Section 1278 is not, however, the only section which imposes obligations upon facilities to permit access for inspections pursuant to the Long-Term Care, Health, Safety and Security Act. Section 1420 specifically authorizes complainants to accompany the inspector on inspections made pursuant to the act. The requirement for "presentation of proper identification" in section 1278 obviously applies to the officer, employee or agent of the state department and requires him to identify himself as such. The complainant patently cannot comply with this requirement because he is not such an "officer, employee, or agent.'' When inspections are made pursuant to section 1420, the inspector is still governed by section 1278 but the matter of identifying the complainant by name is governed by section 1419. Section 1419 clearly evinces an intent to preserve the anonymity of the complainant, despite the

necessity to identify the inspector by specifically exempting from nondisclosure only "the *name* or *names* of any duly authorized officer, employee, or agent of the state department conducting the investigation or inspection" from the general prohibition of disclosure of "the *name* of any individual complainant or other person mentioned in the complaint . . . ." (Italics added.)

The facility is, of course, entitled to such identification of persons accompanying the inspector as will establish their right to be present. But this requires only that the inspector certify that they are the complainant. Beyond that, their identity is irrelevant since "any person" may become a complainant by requesting an inspection. (§ 1419.) The premise upon which defendants' practice is based is, therefore, fallacious.

Nor is defendants' practice justified by the fact that the complainant does not have an absolute right to accompany the inspector. Though the language of section 1420 ("may be allowed") vests discretion in the department, it does not authorize an arbitrary denial for reasons unrelated to the objective of the act. To condition permission for the complainant to accompany the inspector upon the complainant waiving anonymity would be inconsistent with the act's purpose to establish "an inspection and reporting system to insure that long-term health care facilities are in compliance with state statutes and regulations pertaining to patient care." (§ 1417.1) The ability of persons in plaintiff's category[2] to contribute to such purpose is enhanced and protected by the anonymity provision, and dilution of the anonymity manifestly impairs their effectiveness. The chilling effect of possible blacklisting upon such complainants is inescapable.

Nor do we find any substance to defendants' claim that by making a request to accompany the inspector the complainant waives anonymity. If the facility personnel do not already know complainant's name, recognition of the complainant may impair the ability of the complainant to function in the particular facility but will not permit blacklisting. The disclosure of the complainants' relationship to the investigation necessary to legitimize their presence does not therefore create the kind of adverse consequences that would flow from a by-name introduction. The complainant's implied consent to an introduction justifying his or her presence does not, therefore, constitute a waiver of anonymity.

The order denying the peremptory writ is reversed and the cause is remanded with directions to issue a peremptory writ commanding defendants: (1) to refrain from disclosing to the licensee the name of any complainant, whether or not such complainant is permitted to accompany the inspector during his tour of a facility, unless such complainant specifically requests such disclosure or the

---

[2]Plaintiff makes it her avocation to better the lot of patients in numerous long-term health care facilities by visitation and by attempting to improve observed substandard conditions.

matter results in a judicial proceeding; (2) to refrain from requiring complainants to consent to disclosure of their names as a condition of being allowed to accompany the inspector; such writ shall not, however, restrain defendants from introducing the complainant as such, without disclosing the complainant's name.

Lui, J., and Danielson, J., concurred.