[Civ. No. 24700.   Second Dist., Div. Two.   July 7, 1960.]

HERBERT LISLE HOERNER, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; VIRGINIA B. HOERNER, Real Party in Interest.

Donald J. MacCalman for Petitioner.

No appearance for Respondent.

Steven Edmondson for Real Party in Interest.

KINCAID, J. pro tem.*—Petitioner seeks writ of review of the court order of April 6, 1960, finding him in contempt for wilful failure to make support payments to Virginia B. Hoerner, his former wife, the real party in interest herein.

The order in question was made in a divorce action heretofore initiated by Virginia as plaintiff against petitioner as defendant, and is as follows: "The Court finds the Defendant had knowledge of the order of January 6, 1959 and had the ability to comply on January 1 and February 1, 1960 to pay at least $50[1] on each of those dates and wilfully refused

---

[1] Counsel have made no contention that one who is able to pay only a third of the amount specified in the alimony order may not be held in contempt for refusal to pay the lesser sum. Such a claim having been thus waived, we do not enter into a discussion of the matter.

*Assigned by Chairman of Judicial Council.

to do so. Defendant is found in contempt and sentenced to 2 days in the County jail commencing Friday May 6, 1960 at 6 pm. Defendant's counsel's motion to exclude the evidence on the grounds there was no jurisdiction because of an intergraded [sic] agreement—motion denied on grounds Defendant is estopped to object because of a previous request on his part for modification.''

Following entry of default of defendant in said action an interlocutory judgment of divorce in favor of plaintiff was entered on January 10, 1957. This judgment approved and incorporated therein property settlement agreements of the parties which provide in part:

''WHEREAS, it is the mutual desire of said parties to settle their property rights, and the rights of either to obtain from the other alimony, support, maintenance, costs or attorney's fees. Now THEREFORE, it is mutually agreed by the parties hereto as follows, to wit: . . . *Second*: The husband will pay, or cause to be paid to the wife, the sum of Four Hundred ($400.00) Dollars per month, in lawful money of the United States on the first day of each calendar month, so long as he and she may live, and without regard for the marital status of either of said parties . . . *Tenth*: Each party hereto expressly releases the other from all claims which either may have against the other, except as created by this agreement, and particularly all claims for alimony, support, or otherwise, arising from the marital relationship between said parties . . . Now THEREFORE it is agreed that said agreement be modified by adding thereto the following: *Eleventh*: When the husband ceases active duty as an officer of the United States Navy on June 30, 1957, the payments to the wife as provided in paragraph *Second*, shall be reduced to $300.00 per month, until such time as the husband becomes otherwise employed, or self-employed, when the said payments shall resume at $400.00 per month.''

Other provisions of the agreements provide for the disposition of certain property rights, child support and attorney's fees. The fees and child support payments are not here in issue and the child has reached majority.

In October, 1957, defendant filed his affidavit alleging changed financial circumstances on his part and, by order to show cause to plaintiff, petitioned the court for a modification of the interlocutory judgment seeking to have the support payments to plaintiff reduced to $1.00 per month and to eliminate the obligation for payment of certain premiums on insur-

ance policies and income tax items. On November 19, 1957, pursuant to stipulation of the parties the court made its order modifying said judgment as to the insurance and income tax items and further providing: ''The payments by the defendant to the plaintiff for her support and maintenance is [*sic*] reduced from $300 per month to $200 per month, effective December 1, 1957, and continuing until plaintiff [*sic* defendant] obtains employment or becomes self-employed or until further order of Court. . . . Except as hereinabove expressly modified, said Interlocutory Judgment shall remain in full force and effect.''

In December, 1958, defendant filed a new affidavit and order to show cause, alleging changed financial circumstances, and seeking a further reduction in the support payments due plaintiff by provisions of the interlocutory judgment as previously modified. Plaintiff thereupon filed a counterorder to show cause for increase of such payments also based on changed circumstances.

After taking evidence the court determined these contested proceedings by making its order of January 6, 1959, as follows: ''The order of November 19, 1957, is modified in the following particulars only: Defendant is ordered to pay plaintiff $150 a month for her support payable on the 1st day of each month commencing February 1, 1959, and continuing until further order of Court. In all other respects said order shall remain in full force and effect. Defendant is ordered to pay plaintiff's counsel $100 attorney's fees, payable $25 on the 15th day of each month commencing February 15, 1959, and continuing until paid in full.''

Petitioner-defendant seeks review of the court order of April 6, 1960, finding him in contempt on the ground that said order is invalid in that it is based upon support payments due under integrated property settlement agreements and, to imprison the defendant for nonpayment thereof, would violate the California Constitution, article I, section 15, providing that no person shall be imprisoned for debt.

It is the contention of the plaintiff-real party in interest that the order of January 6, 1959, for nonperformance of which defendant was held in contempt was a law-imposed obligation and properly supported the contempt order of April 6, 1960, in that on two occasions heretofore mentioned the character of the payments as alimony was judicially established pursuant to defendant's request for modification. It is therefore contended that the character of the payments as found

by the court pursuant to the request for modification, as modifiable alimony, is res adjudicata in these proceedings.

As said by our Supreme Court in *Plumer* v. *Plumer,* 48 Cal.2d 820, 823 [313 P.2d 549] : ''When an order for support payments in a divorce decree is based on an agreement of the parties, the possibility of subsequent modification of the order without consent of both parties depends on the nature of the agreement. . . .     If the underlying agreement was a 'property settlement' agreement, the 'support' order could not be modified without the consent of the parties. [Citations.] Conversely, if the underlying agreement was for 'alimony' or 'support and maintenance,' the support order was modifiable upon a showing of changed circumstances.''

The property settlement agreements here in question have twice been modified subsequent to incorporation of their provisions in the interlocutory judgment. In each instance the modification order was made at the instance and with the consent of defendant. Plaintiff consented to the first such order and opposed the second, while petitioning on her own behalf for an increase in support payments. No appeal by either party was taken from the modification orders of November 19, 1957, and January 6, 1959, and they are now final as to each.

In modification proceedings the trial court has jurisdiction to determine whether the decree was based upon a property settlement agreement with payments provided as a phase of property adjustment and therefore not subject to modification or was based upon alimony or support allowance covenants and therefore subject to modification. (*Codorniz* v. *Codorniz,* 34 Cal.2d 811, 814 [215 P.2d 32] ; *Tuttle* v. *Tuttle,* 38 Cal.2d 419, 421 [240 P.2d 587].)

Defendant, in now contending that the support provisions were part of an integrated agreement and not therefore subject to modification, finds himself faced with two prior court orders, each obtained at his own instance, having the effect of a final adjudication that the support provisions in question were not part of an integrated agreement but were severable and subject to modification pursuant to section 139, Civil Code.

In *Hough* v. *Hough,* 26 Cal.2d 605 [160 P.2d 15], the plaintiff likewise asserted the agreement was a property settlement agreement and hence not subject to modification as to support payments. In a previous proceeding for the modification of the decree the court made its order of modification. The

Supreme Court said (pp. 614, 615, 616): "No appeal was taken therefrom and it is now final. Necessarily, embraced within that proceeding was the issue of whether or not the divorce decree was based upon a property settlement agreement and hence not subject to modification. She does not in the instant action attempt to have the order of modification annulled or set aside as being in excess of the court's jurisdiction on the theory that the court had no jurisdiction to modify a decree based upon a property settlement agreement. But even if she had she could not prevail. It has been loosely stated generally in passing that the divorce court has no jurisdiction to modify a decree based upon a property settlement agreement. [Citations.] However, that does not mean that the court does not have jurisdiction on an application for modification to decide correctly or incorrectly whether the decree is based upon a property settlement agreement, and is not subject to modification, or is based upon alimony or support allowance covenants, and is subject to modification. That is one of the basic issues to be determined by the court in modification proceedings. . . . We conclude therefore that the order modifying the divorce decree was res judicata upon the issue as to whether the provision in the agreement for the support of plaintiff was alimony or a part of the property settlement covered by the agreement." To the same effect see *Werner* v. *Werner,* 120 Cal.App.2d 248, 250 [260 P.2d 961]; *Sasanoff* v. *Sasanoff,* 120 Cal.App.2d 120, 128 [260 P.2d 840]; *Weedon* v. *Weedon,* 92 Cal.App.2d 367, 369 [207 P.2d 78].

Petitioner herein twice has received the benefits of final orders of the court, initiated at his request, modifying the support payments which he was required to make to his former wife pursuant to the provisions of the agreements made a part of the interlocutory judgment of divorce. These orders necessarily contain the implied finding that such payments are in the nature of law-imposed support payments subject to modification by order of the court and are not part of an integrated property agreement.

The modification order of January 6, 1959, ordering petitioner to pay plaintiff $150 per month for her support was a valid and enforceable order. The order of April 6, 1960, finding that petitioner had knowledge of such prior order, had the ability to comply therewith at least in part, wilfully refused to do so and therefore is in contempt, is proper. Contrary to petitioner's contentions, that portion of such contempt order imposing a jail sentence is authorized (Code Civ. Proc.,

§ 1209.5), and does not violate the provisions of State Constitution (Cal. Const., art. I, § 15) forbidding imprisonment for debt. (*Bradley* v. *Superior Court,* 48 Cal.2d 509, 518 [310 P.2d 634].)

The order is affirmed and the writ is discharged.

Fox, P. J., and Ashburn, J., concurred.