Opinion
TAMURA, Acting P. J.
—Husband appeals from an order directing payment of spousal support in accordance with the terms of a pre-1967 marital property settlement agreement incorporated in and made a part of the interlocutory decree. The central issue is whether an order modifying spousal support, which order was made after entry of the interlocutory decree, was res judicata on the question whether the *686 spousal support and division of property provisions of the settlement agreement were severable or part of an integrated bargain.
In January 1966, pursuant to a written stipulation of the parties, the divorce action was heard as a default matter on the wife’s cross-complaint and an interlocutory decree was entered. The decree approved, incorporated by reference, and ordered the parties to comply with the terms of a property settlement agreement which provided for division of property, custody of the children, and spousal and child support. The decree also ordered spousal support in language paralleling the provisions of the agreement. The agreement provided in pertinent part: “Husband shall pay to the Wife as and for her support and maintenance the sum $80.00 per month, by military allotment, commencing with the 1st day of September, 1965. Such payments to continue each month thereafter, but will terminate upon the death of either party, or the remarriage of Wife; provided, however, that the support payable to Wife, after the last of the said minor children marries, reaches majority, dies, becomes self-supporting or enters the armed services, shall never be less than a sum equal to 3316% of Husband’s United States Marine Corps retirement pay, if, at that time Major Matthews has so retired or in any event a sum not less than 3316% of the amount of retirement pay Husband would have received had he so retired from the United States Marine Corps.”
In June 1971, the husband instituted show cause proceedings seeking modification of spousal support on the ground of changed circumstances. Following the hearing, the court denied the request and ordered the husband to continue paying $80 per month as previously ordered.
In February 1974, the husband again instituted show cause proceedings to be relieved of paying spousal support. Following a contested hearing, the court signed and filed an order dated April 1, 1974, reducing spousal support from $80 per month to $ 1 per year and continuing at that rate until wife dies, remarries or until further order of court. No appeal was taken from that order and it has long since become final.
In December 1975, wife made a motion to compel husband to make spousal support payments in accordance with the terms of the property settlement agreement. She alleged the last child had been emancipated and under the terms of the agreement she was entitled to at least one-third of husband’s militaiy retirement pay. Following an evidentiary hearing, the judge entered a minute order of his intended decision to *687 require husband to pay the wife, as spousal support, one-third of his monthly retirement pay. Upon husband’s request, the court made findings of fact and conclusions of law. The court concluded that the property settlement agreement was an integrated bargain and that the provisions for spousal support were made in consideration of the division of property. Accordingly, the court entered an order adjudging that wife is entitled to one-third of husband’s monthly retirement pay. Husband appeals from the order.
Husband’s major contention is that the court abused its discretion in making the order without an adequate showing of changed circumstances. The contention is premised on the theory that the 1974 order reducing spousal support from $80 per month to $1 per year was res judicata on the question whether or not the property settlement agreement was of the integrated variety. It is urged that the earlier order impliedly determined that the agreement was severable and that, therefore, the spousal support order was subject to modification only on proof of changed circumstances.
 Preliminarily we review the law governing modifiability of a spousal support provision in a property settlement agreement executed, as this one was, before the effective date of the 1967 amendment to former Civil Code section 139.[1] Where an interlocutory decree of divorce orders spousal support in accordance with the terms of a property settlement agreement, the modifiability of the support order depends on the nature of the agreement. (Plumer v. Plumer, 48 Cal.2d 820, 823 [313 P.2d 549]; Peirce v. Peirce, 243 Cal.App.2d 330, 334 [52 Cal.Rptr. 259]; Wise v. Wise, 228 Cal.App.2d 322, 325 [39 Cal.Rptr. 448]; Hoerner v. Superior Court, 182 Cal.App.2d 500, 504 [6 Cal.Rptr. 178].) If the provisions for support and division of marital property are integrally intertwined (Plumer v. Plumer, supra, 48 Cal.2d 820, 824; Sprenger v. Superior Court, 268 Cal.App.2d 857, 860, fn. 1 [74 Cal.Rptr. 638]; Levy v. Levy, 245 Cal.App.2d 341, 350 [53 Cal.Rptr. 790]), a spousal support order in an interlocutory decree predicated upon such an agreement is not subject to modification, except where the agreement so stipulates (Plumer v. Plumer, supra, 48 Cal.2d 820, 824, 825; Flynn v. Flynn, 42 Cal.2d 55, 61 [265 P.2d 865]; Levy v. Levy, supra, 245 Cal.App.2d 341, *688 351; Sprenger v. Superior Court, supra, 268 Cal.App.2d 857, 864), or the parties consent (Plumer v. Plumer, supra, 48 Cal.2d 820, 824; Tremayne v. Striepeke, 262 Cal.App.2d 107, 112 [68 Cal.Rptr. 470]). If, on the other hand, the spousal support provisions are severable from the marital property distribution provisions, and a court approves and incorporates the agreement into an interlocutory decree of divorce, the support payments are in the nature of alimony and subject to future modification upon an adequate showing of changed circumstances. (Washburn v. Washburn, 187 Cal.App.2d 617, 620, 622 [9 Cal.Rptr. 859]; Kelley v. Kelley, 151 Cal.App.2d 228, 233 [311 P.2d 90]; Carson v. Carson, 179 Cal.App.2d 665, 668-669 [4 Cal.Rptr. 38]; see In re Marriage of Carletti, 53 Cal.App.3d 989, 995 [126 Cal.Rptr. 1].)
The question whether a property settlement agreement is an integrated bargain may be resolved at the time the interlocutoiy divorce decree is entered as was done in Sprenger v. Superior Court, supra, 268 Cal.App.2d 857, 860, 862, and Lee v. Lee, 249 Cal.App.2d 407, 409 [57 Cal.Rptr. 327]. However, the record shows that this was not done in the case at bench. Consequently, the court had jurisdiction to determine that issue in a subsequent proceeding for modification of spousal support. (Tuttle v. Tuttle, 38 Cal.2d 419, 421 [240 P.2d 587]; Codorniz v. Codorniz, 34 Cal.2d 811, 814 [215 P.2d 32]; Hough v. Hough, 26 Cal.2d 605, 615 [160 P.2d 15]; Hoerner v. Superior Court, supra, 182 Cal.App.2d 500, 504; see Henzgen v. Henzgen, 62 Cal.App.2d 214, 221 [144 P.2d 428].) The issue, however, was not determined in the first modification proceeding; the 1971 order continuing in effect the spousal support payment of $80 per month was consistent with either a severable or an integrated agreement.
Thus, the question is whether the character of the agreement was determined by the April 1974 order reducing spousal support to $1 per year. The husband urges that the court must necessarily have determined that the agreement was severable and that, therefore, the wife was collaterally estopped from relitigating that issue in the proceeding leading to the order in question. We are unpersuaded.
The property settlement agreement provides for spousal support in two separate stages. One pertains to support during the minority of the children and the other to support after the children have been emancipated. The agreement provides that until the children are emancipated, “Husband shall pay to the Wife as and for her support and maintenance the sum of $80.00 per month” but stipulates that after the *689 children are emancipated “the support payable to Wife . . . shall never be less than a sum equal to 331A% of Husband’s United States Marine Corps retirement pay, if, at that time Major Matthews has so retired or in any event a sum not less than 3310% of the amount of retirement pay Husband would have received had he so retired from the United States Marine Corps.” Since the parties used the words “shall never be less than” only as to the support payable after the children’s emancipation, the agreement may reasonably be interpreted to indicate an intention of the parties to permit modification of the $80 per month payable during the period husband was obligated to pay child support. Spousal support based on an integrated agreement may be modified if the parties have so agreed. (Plumer v. Plumer, supra, 48 Cal.2d 820, 824.) It would not have been unreasonable for the court in the 1974 modification proceeding to have determined that the parties intended the $80 per month support provision of the property settlement agreement to be modifiable and to have so construed the agreement. Thus, unlike the prior modification proceeding in Hough v. Hough, supra, 26 Cal.2d 605, an implied determination that the support provision was severable was not necessary to the rendition of the 1974 modification order.
The collateral estoppel aspect of res judicata precludes the parties from relitigating in a subsequent proceeding on. a different cause of action any issue actually litigated and determined in a former proceeding. (In re Russell, 12 Cal.3d 229, 233 [115 Cal.Rptr. 511, 524 P.2d 1295]; Ellena v. State of California, 69 Cal.App.3d 245, 253 [138 Cal.Rptr. 110].) The prior adjudication operates as a conclusive adjudication as to any issue “which appears on its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto.” (Code Civ. Proc., § 1911; In re Lisa R., 13 Cal.3d 636, 646 [119 Cal.Rptr. 475, 532 P.2d 123].) Findings which might have been made but were not necessary to the judgment are not conclusive. (In re Lisa R., supra, 13 Cal.3d 636, 646.) In the case at bench, there is nothing on the face of the record of the 1974 modification proceeding to indicate that the character of the agreement was determined by the order of modification nor was it necessary thereto.
Therefore, the court below had jurisdiction to determine that issue on the wife’s motion to compel payment of support in accordance with the terms of the property settlement agreement. On the basis of the language of the agreement and extrinsic evidence consisting of testimony of the parties concerning their intention in entering into the agreement, the court determined that the property settlement agreement was an *690 integrated bargain. There is substantial evidence to support that determination and we uphold it.
“An agreement between husband and wife providing that the purpose of the parties is to reach a final settlement of their rights and duties with respect to both property and support, that they intend each provision, to be in consideration for each of the other provisions, and that they waive all rights arising out of the marital relationship except those expressly set out in the agreement will be deemed conclusive evidence that an integrated agreement was intended.” (DiMarco v. DiMarco, 60 Cal.2d 387, 391 [33 Cal.Rptr. 610, 385 P.2d 2]; accord Plumer v. Plumer, supra, 48 Cal.2d 820, 825.)
The present agreement contains all the earmarks of an integrated agreement: It expressly provides that it is intended to be a full and final settlement of all property rights, claims, and liabilities; the mutual promises, covenants, and agreements are made in consideration for the settlement; except as provided in the agreement, the parties relieved each other from all liabilities and obligations of any kind or character incurred after the date of the settlement.
By agreeing that on emancipation of the children the spousal support “shall never be less” than one-third of the husband’s retirement pay and that payment in that amount shall be made whether or not the husband is then retired, the parties virtually agreed to a division of the husband’s pension rights.[2] That this was the intention of the parties is supported by the wife’s testimony. She testified that it was her understanding that as part of the settlement she would receive at least one-third of the husband’s monthly military pension when the children were grown and that this was one of the factors that caused her to agree to the property division in the agreement.
The fact that the agreement provided for modifiable support provisions neither destroyed its integrated character nor permitted the support provisions to be modified contrary to the terms of the agreement. (Flynn v. Flynn, supra, 42 Cal.2d 55, 60-61.)
*691 The trial court having correctly determined that the property settlement agreement constituted an integrated bargain, it was empowered to order husband to pay to the wife one-third of his monthly militaiy pension without a showing of changed circumstances.
The order is affirmed.
Kaufman, J., and Morris, J., concurred.

As amended in 1967 former Civil Code section 139, and as now provided in Civil Code section 4811, subdivision (b), support provisions of a property settlement agreement are deemed to be separate and severable from the provisions relating to property and an order for support based on such agreement is to be deemed law imposed and subject to modification unless the parties by written agreement, or oral agreement entered into in open court, specifically provide to the contrary.

Husband was fortunate that at the time the instant property settlement agreement was executed and the divorce decree was entered, French v. French, 17 Cal.2d 775 [112 P.2d 235], was the governing law concerning the wife’s community interest in the husband’s nonvested pension rights. Had In re Marriage of Brown, 15 Cal.3d 838 [126 Cal.Rptr. 633, 544 P.2d 561], been the law, the wife might have been entitled to one-half of the husband’s pension rights, not merely one-third.